MERCER v. SOUTHERN RY.

CHARGE—NEGLIGENCE—RAILROADS—SIGNALS—CROSSINGS—"CARE."—The jury were substantially instructed as to the law applicable to collisions of persons with engines at a public crossing, under the statutes requiring signals to be given on approaching them. Upon appeal from charge, it is better to give evidence, or a statement of it.
MR. JUSTICE JONES *dissents.*

Before WATTS, J., Cherokee, March term, 1902. Affirmed.

Action by Mary A. Mercer, administratrix of James W. Mercer, against Southern Railway. From judgment for defendant, plaintiff appeals.

*Messrs. N. W. Hardin* and *Hall & Willis,* for appellant. The former cites: *As to the charge:* 63 S. C., 494; 47 S. C., 375; 41 S. C., 19; 29 S. C., 304. *Failure to give signals is negligence per se:* 53 S. C., 121; 58 S. C., 223; 47 S. C., 381; 63 S. C., 371.

The latter cite: *As to the form of charge:* 83 Mo., 436; 39 S. E., 730; 40 S. E., 37; 33 S. E., 96. *Error is not cured by subsequently stating correct rule:* 30 S. E., 262; 37 S. E., 972; 34 S. E., 976; 35 S. E., 873. *Failure to give signals is negligence:* 63 S. C., 391; 58 S. C., 227; 41 S. C., 19; 47 S. C., 381; 53 S. C., 121; 29 S. C., 303.

*Messrs. Butler & Osborne* and *C. P. Sanders,* contra. The latter cites: *As to charge:* 63 S. C., 289; 47 S. C., 381, 113. *No evidence being printed, Court cannot consider if charge is applicable to case:* 55 S. C., 249; 42 S. C., 183, 369; 60 S. C., 511; 53 S. C., 304; 51 S. C., 505.

May 12, 1903. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This appeal involves questions as to the correctness of the charge of the Hon. Richard C. Watts, as presiding Judge, to the jury on the trial before them. The cause of action is the alleged negligence of the defendant in failing to comply with the requirements of the statute law as to ringing the bell or blowing the whistle of the engine, beginning at a distance of 500 yards of a crossing by said railway over a pubblic highway, and continuing to ring the bell or sound the whistle until after such highway

had been passed by such engine, and also the neglect to have the headlight on the engine kept burning at that time, whereby, it being a dark and windy night, the plaintiff came in collision with said engine and was instantly killed, to the plaintiff's damage $1,950. The defendant denied all these allegations of fact, and also alleged that the death of the plaintiff, if he was killed by the railway train, was not owing to any fault or negligence of the defendant, but was due to the fault and negligence of plaintiff's intestate; that the intestate was guilty of contributory negligence, without which he would not have been killed; that the accident was the result of intestate's gross negligence. Testimony was offered by both sides. Judge Watts charged the jury. Verdict was for defendant. After judgment, plaintiff appealed on the following grounds:

"1st. For that it is respectfully submitted, his Honor, the Circuit Judge, erred at the trial, in this: Plaintiff requested his Honor to instruct the jury as follows: 'It is negligence *per se* (of itself) for a railroad to fail to give the signals at crossings, as required by statute;' and he erred when he modified said request as follows: 'I charge you that, but don't charge you that in that language. I charge you as a matter of law that wherever the railroad fails to give those signals at crossings, as required by statute, it violates the statute law of the State; and if a man is killed by any failure on their part to comply with the statute law of the State, and it is their carelessness and negligence that causes the death, and the party who is killed does not contribute towards his own injury, then the plaintiff would be entitled to recover under such circumstances;' the error herein being, that the failure to give the signals, is negligence *per se,* and it was error not to so charge; the plaintiff could recover unless Mercer was guilty of gross and wilful negligence, and it was error to otherwise instruct the jury.

"2d. That he erred when he did not charge plaintiff's sixth request, without qualification, which was as follows: 'If the jury believes from the testimony that the signals were not

given as required by statute, and that Mercer was killed upon the crossing, then they must find for the plaintiff, Mrs. Mercer, the mother, unless it is shown by the testimony that Jim Mercer, at the time of the killing, was guilty of gross or wilful negligence;' and he erred when he qualified said request as follows: 'I charge you that she would be entitled to recover, unless you are satisfied that he, by his own carelessness and negligence, contributed to his own injury, and that was the direct and proximate cause of the injury.'

"3d. That he erred when he charged the jury, 'Or, if the railroad was careless and negligent, and if the party killed was also careless and negligent, and if the admixture of the carelessness of the two brought about the injury, then the railroad is not liable;' whereas, it is submitted, as it was alleged that Mercer was killed at a public crossing on a dark night, and that no signals were given or head-light upon the engine burning, that if these allegations were established as true, and this was a question for the jury, then plaintiff must recover, unless the deceased was guilty of gross and wilful negligence, and that such gross and wilful negligence was the proximate cause of the injury.

"4th. That he erred when he charged the jury: 'or, if the railroad was careless and negligent, and he was careless and negligent, and the carelessness and negligence of the two was the proximate or near cause of his injury, your verdict should be for the railroad;' whereas, it is submitted, he should have charged the jury, that whoever's negligence—that of the deceased or defendant—was the proximate cause of the injury, against that one the verdict should have been rendered.

"5th. That he erred when he charged defendant's sixth request: 'If the jury find that the place in question was a public road crossing or traveled place, within the meaning of the statute, they must still find for the defendant, if they are satisfied that James Mercer was guilty of gross negligence and such negligence as contributed to his injury;' whereas, it is submitted, that if Mercer was killed at a crossing by de-

fendant, and no signals were given, that the verdict must be
for the plaintiff, unless Mercer was guilty of gross or wilful
negligence, and this negligence was the proximate cause of
the injury, and it was error to say to the jury, 'guilty of
gross negligence, and such negligence as contributed to the
injury.'

"7th. That he erred when he did not instruct the jury
plainly, that if Mercer was killed upon a public crossing, on
defendant's track, by one of its engines, and the testimony
showed that the defendant did not give the signals as re-
quired by statute (which was negligence *per se*), and did
not exercise due care, then plaintiff was entitled to recover,
unless Mercer was guilty of gross or wilful negligence, and
this was the proximate cause of the injury.

"8th. That he erred when he instructed the jury, at re-
quest of defendant in 16th request, as follows: 'And if the
intoxication actually contributed to the injury, the plaintiff
cannot recover, the principle being that a person cannot
voluntarily incapacitate himself from the ability to exercise
ordinary care, and then recover for an injury to which a
want of ordinary care on his part, while so intoxicated, prox-
imately contributes.' If Mercer was killed at a public cross-
ing, no signals being given, he must be guilty of gross and
wilful negligence to defeat the action and not 'want of ordi-
nary care.' "

We will now briefly pass upon these exceptions. We will
first observe that the sixth is conspicuously absent from the
"Case" for appeal. Before taking up the other exceptions,
it may be said: "Instructions to a jury must be based upon
and be applicable to the pleadings and *evidence*" (italics
ours). 11 Ency. Pleading and Practice, pp. 158 and 159.
In the "Case" there is not a particle of testimony printed.
How can we tell whether the charge of the trial Judge is
responsive to the pleadings and evidence, when the latter is
not printed in the "Case." We might, and possibly should,
decline to go further, but under the circumstances will not
apply so stern a rule.

1. Sections 2132 and 2139 of the Civil Code of South Carolina, relating as they do to the equipment of railway engines with bell and whistle and headlight, and the duty of the one in charge of the engine to ring the bell or blow the whistle within 500 yards of a crossing of a highway, street or traveled place, as does section 2132, and also that any collision by a person or property with such engine of the railway on a crossing by it over a highway, street or traveled place, in the absence of the foregoing signals by the railway company, in the absence of proof that such failure of the railway company did not contribute to the injury, the railway shall be liable for all damages by the collision, *unless it is shown* that, *in addition to* a mere want of ordinary care, the person injured was at the time of the collision guilty of gross or wilful negligence, or was acting in violation of law, and that such gross or wilful negligence or unlawful act contributed to the injury as provided in sec. 2139, have so often been before this Court, that it is hardly necessary to do more than to merely cite the *numbers* of such sections when injuries at railroad crossings of a highway, street or traveled place are up for consideration. When the Circuit Judge considered in his charge the fourth request of plaintiff, he did not refuse to so charge; he used this language: "I charge you that, but I don't charge you that in that language," he went on and in a common sense way, without quoting any Latin, and explained to the jury what was meant by the request. His work was admirably done. There was no ambiguity in his language. No one could fail to understand what his language meant. This exception is overruled.

2. We overrule the second exception. There was no mistake of the Judge, as shown by the exception itself. The Circuit Judge in his charge had to repeat the matter here involved several times, and in no instance did his language fail to convey the proper idea of what was meant by those statutory provisions. If he erred at all at this point, it was in favor of the plaintiff.

3. The Circuit Judge was endeavoring to impress upon the minds of the jurors the effect in law produced when the plaintiff and defendant concur in contributing to the disaster to plaintiff's intestate; trying to show to the jury that if the railway did not ring the bell or blow the whistle in 500 yards of the crossing in question, and yet the defendant, in addition to the want of ordinary care by being guilty of gross or wilful negligence, contributed to his injury, then in law the verdict should be for the defendant. We see no error here; it is a compliance with the statute itself. This exception must be overruled.

4. This exception is controlled by our preceding holdings, and is, therefore, overruled.

5. The language of the statute in question was embodied in his own language by the trial Judge. This exception is overruled.

6. We find that the trial Judge in his charge to the jury was very careful to, and very successful in conveying to, the jury the meaning of our statute regulating such cases as the present. This ground of appeal is overruled.

8. We find that the language of the charge as here complained of was in accordance with law. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY *concurs* in the result, as neither the testimony nor a statement thereof is set out in the record.

MR. JUSTICE JONES *dissenting.* The main question in the appeal is whether the Circuit Court erred in instructing the jury as to the rule of contributory negligence, as applicable under section 2139, Civil Code, 1902. That section provides: "If a person is injured in his person or property by collision with the engine or cars of a railroad corporation at a crossing, and it appears that the corporation neglected to give the signals required by this chapter, and that such

neglect contributed to the injury, the corporation shall be liable for all damages caused by the collision or to a fine recoverable by indictment, as provided in the preceding section, unless it is shown that, in addition to a mere want of ordinary care, the person injured, or the person having charge of his person or property, was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law, and that such gross or wilful negligence or unlawful act contributed to the injury."

Beginning at folio 23 of the "Case," the Judge charged: "If you are satisfied by the preponderance or weight of the testimony that Mercer was killed, and he was killed at a traveled place, and he was killed by the carelessness and negligence of the railroad company, and he did not by his own act contribute to his injury, then your verdict should be for the plaintiff for such damages as you think she has sustained under the testimony in the case, and that is for you, proportioned to the injury sustained. Now, the law is this: if any one is killed by a railroad company, and he by his own carelessness and negligence contributes to the killing, if he was careless and negligent himself, and by his carelessness and negligence contributed to his death, then the railroad is not liable. Or if the railroad was careless and negligent, and if the party killed was also careless and negligent, and if the admixture of the carelessness of the two brought about the injury, then the railroad is not liable. But wherever a party is killed through the carelessness and negligence of the railroad, and he did not by his own act contribute to the injury, the railroad is liable."

Again, beginning at folio 32, the Judge charged: "If he was killed through any negligence and carelessness of the railroad, if there was any absence of due care and precaution on their part, and he did not by his own act contribute to his own injury, the plaintiff is entitled to recover her damages not exceeding the amount sued for, $1,950, as in your opinion is proportioned to the injury sustained by her. If, on the contrary, the railroad was negligent and killed him,

and he was careless and negligent on his part, and failed to observe due precaution and didn't do what a man under similar circumstances should have done, a man of ordinary reason and prudence should have done, or if he failed to do what a man under similar circumstances should have done, and he was a man of ordinary reason, and he by his own act contributed towards his injury, your verdict should be for the railroad; or if the railroad was careless and negligent, and he was careless and negligent, and the carelessness and negligence of the two was the proximate or near cause of his injury, your verdict should be for the railroad. But if he was killed through the carelessness and negligence of the railroad, and he was not careless and negligent himself, then your verdict should be for the plaintiff for the amount, under the testimony which you think proportioned to the injury sustained by her."

The foregoing fairly represents the main charge of the trial Judge upon the point under consideration, and it is manifest therefrom that the jury were not instructed in accordance with the statute quoted; for, under these instructions, any ordinary negligence of plaintiff's intestate, which proximately contributed to his death, would defeat recovery; whereas, under the statute, such recovery would not be defeated by the contributory negligence of plaintiff's intestate, unless at the time of the collision he was guilty of gross or wilful negligence or conduct in violation of law, which proximately contributed to the injury. _Bowen_ v. _Ry. Co._, 58 S. C., 230, 36 S. E., 590. This error was further emphasized in responding to plaintiff's sixth request to charge, as follows: " '6. If the jury believe from the testimony that the signals were not given as required by statute, and that Mercer was killed upon the crossing, then they must find for the plaintiff, Mrs. Mercer, the mother, unless it is shown by the testimony that Jim Mercer at the time of the killing was guilty of gross or wilful negligence.' I charge you that she would be entitled to recover, unless you are satisfied that he by his own carelessness or negligence contributed to his own

injury, and that was the direct and proximate cause of his injury."

There is nothing in the whole charge which in any way attempted to instruct the jury as to this,requirement of the statute, unless it be found in charging defendant's sixth request, as follows: " '6. If the jury find that the place in question was a public road crossing or traveled place, within the meaning of the statute, and that the defendant did not ring its bell or blow its whistle, as required by statute, they must still find for the defendant, if they are satisfied that James Mercer was guilty of gross negligence, and such negligence as contributed to his injury.'   I charge you that."

This isolated sentence ought not to be construed as removing the error pointed out.   The proper construction of the whole charge giving this last portion all the force it deserves is that the plaintiff was not entitled to recover (1) if her intestate was guilty of *ordinary* negligence, proximately contributing to the injury; (2) if her intestate was guilty of *gross* negligence proximately contributing to the injury. After the said charge of the defendant's sixth request, the Court again impressed the jury in these words: "I charge you, gentlemen, as I have before charged you, that if the railroad was guilty of carelessness and negligence in killing Mercer, if they did kill him, and there was no negligence or carelessness on the part of Mercer, then your verdict should be for the plaintiff.   If Mercer by his own carelessness and negligence contributed to his injury, then he cannot recover. Or if the railroad was careless and negligent and the admixture of the carelessness of the two was the cause of Mercer's injury, if he was injured, your verdict should be for the railroad."

It seems very clear to me that the jury could not but be impressed with the idea that ordinary negligence on the part of the plaintiff's intestate would defeat recovery if such negligence contributed proximately to the injury, a view in conflict with the provisions of the statute.   The second, third and seventh exceptions, raising this question, ought to be

sustained, and the judgment of the Circuit Court ought to be reversed for such error.

The fact that the "Case" does not state the testimony, seems to me to be immaterial on this question. The case shows what the issues under the pleadings are and the charge was applicable to such issues. Under such circumstances, a presumption arises that there was some testimony upon the issues which were submitted to the jury. This is not a case in which we are called upon to review findings of fact and, therefore, the cases cited by respondent's counsel do not apply. The questions of law raised are sufficiently presented by the pleadings, charge in submission of issues to the jury and the exceptions thereto.