6894

FAIL v. WESTERN UNION TEL. CO.

1. TELEGRAPH COMPANIES.—ISSUE in the evidence as to whether a mes-
sage was delivered for transmission at 4:30 p. m., or 6:30, a delay of
two hours in transmission at relay office, only one attempt to deliver
over telephone Saturday night and on Sunday morning, final delivery
by railroad conductor too late for addressee to attend mother's
funeral, is sufficient to send case to jury on negligent and wilful
delay in delivery of message.

2. IBID.—ACT OF GOD.—To excuse a carrier from a duty because of an
act of God in the falling of a tree across the wire, it must show
the act of God was the sole preventing cause.

3. IBID.—PRINCIPAL AND AGENT.—That an operator is at the machine
of a telegraph company, accepts and transmits a message which is
received and forwarded by other agents, has sent messages with the
knowledge of the regular agent, are circumstances from which jury
may infer he was agent of the carrier.

4. EVIDENCE—DECLARATIONS.—In an action against a telegraph com-
pany and its agent, declarations of the agent are competent against
the company tending to show he transmitted a message over its
wires.

5. MENTAL ANGUISH.—For delay of two hours in this State at initial
office in forwarding a message to be delivered in Georgia, damages

for mental anguish may be recovered whether recoverable under Georgia law or not.

6. IBID.—DAMAGES for mental anguish are not recoverable against an agent of a telegraph company in action against him and the company as codefendants.

7. REHEARING refused.

Before HYDRICK, J., Bamberg, Winter Term, 1907. Modified.

Action by W. H. Fail against Western Union Tel. Co. From judgment for plaintiff, defendant appeals.

*Mr. John R. Bellenger,* for appellant. No citations.

*Mr. J. F. Carter,* contra, cites: *Agency of Sales was for jury:* 26 S. C., 34; 75 S. C., 273; 1 Ency., 967; 56 S. C., 126; 61 S. C., 292; 71 S. C., 386; 76 S. C., 529; 75 S. C., 272. *This action is ex delicto and may be maintained without reference to the law of Georgia:* 75 S. C., 512; 70 S. C., 83; 72 S. C., 516; 71 S. C., 386.

The opinion in this case was filed March 18th, but remittitur held up on petition for rehearing until

April 22, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff brought this action against the defendant company and W. C. Sales to recover damages for alleged negligent and wilful delay in transmitting and delivering a message from his father announcing the death of his mother and bidding him come at once. The jury rendered a verdict for five hundred dollars as compensatory damages for mental anguish.

In considering the defendant's appeal from the judgment rendered, we notice, first, the exceptions based upon the refusal to grant motion for a new trial, made upon the ground that there was no evidence whatever to support the verdict.

The testimony for plaintiff tended to show that on Saturday, July 21, 1906, not later than 3:30 p. m., railroad time, or 4:30 eastern time, plaintiff's father caused to be filed at defendant's office at Olar, S. C., to be transmitted to plaintiff at Summertown, Ga., the following message: "Mother dead. Come at once." The message was delivered to a Mr. Sales, who was in defendant's office at the operator's table, and the charge of forty cents was paid to him, with promise to pay any other expense, and he was urged to get the message off immediately. He promised to do so and said that he would send a service message. The defendant claimed that the message was filed at 6:30 p. m., the time of filing indorsed on message, and offered evidence to show that it was transmitted to the Savannah relay office at 6:31 p. m., eastern time. Right here it may be said that if the testimony for plaintiff as to the time of filing the message at Olar, S. C., was true, a matter wholly for the jury, there was an unreasonable and unexplained delay in transmission from the initial office in this State, a delay sufficient to account for the failure of the message to reach plaintiff in time. There was a delay of about two hours in transmitting from the Savannah office to Midville, Ga., the explanation given being that the wire between these points over the Central was grounded at 7 o'clock p. m., the surmise being that a tree fell across the wire, which caused defendant to use a wire over the Southern from Savannah to Macon. The Savannah office called Midville repeatedly, and finally, at 9 o'clock p. m., eastern time, the message was received at Midville. The distance from Midville to Summertown is about five miles. There was no telegraph line between these points, but there was a telephone line, and it was the custom to transmit messages from Midville to Summertown over the telephone line. The Midville agent, on receiving the message, rang the telephone for Summertown, but was not positive that he rang more than one time. Getting no answer, the message was filed, it then being after office hours, and the next morning, Sunday, the Midville agent again rang Sum-

mertown, but getting no answer, the message was sent to Summertown by the conductor of the A. & F. Railroad, and finally was delivered to plaintiff between twelve and one o'clock that day. A service message was started from Olar to Midville, referring to the message in question, and containing the words: "Rush delivery. We pay charge for same," signed "Olar, S. C." But this message was never received at the Midville office.

The telephone agent at Summertown testified that he was in his office July 21, 1906, from 1 o'clock p. m., to 9 o'clock p. m., excepting for a short time while he was at supper, and that no call was received by him from the Midville office, and that if the message had been forwarded to him that night by 9 o'clock he would have delivered it to plaintiff in time for him to take the 5 o'clock Sunday morning train at Midville. The plaintiff, who was a section foreman on the railroad, and having a car, testified that if the message had been delivered to him that night, he could and would have caught the said train at Midville and reached Olar in time for his mother's burial, but because of the delay, he was only able to catch the 1:50 p. m. Sunday train at Midville, and in consequence failed to reach Olar in time for the burial, which occurred late Sunday afternoon.

The foregoing statement shows that there was no lack of evidence to support the verdict as against the defendant company.

One of the contentions of the appellant in this connection is that there was no evidence of negligence in transmission between Savannah and Midville, because it appears that the interruption was due to an act of God, the grounding of the wires by the falling of a tree across them.

In order to excuse a common carrier for non-performance because of an act of God, it must appear that the act of God was the sole preventing cause and that no negligence of the carrier contributed to the result. *Sonneborn* v. *Southern*

*Ry. Co.*, 65 S. C., 509, 44 S. E., 77; *Hartzburg* v. *Southern Ry. Co.*, 65 S. C., 543, 44 S. E., 75. If the mere surmise be true and the wires were grounded by the falling of a tree across them, there was nothing to show that defendant exercised all due care and foresight in leaving such a tree in such proximity to its wires, and that the fall of the tree was due to some unforseen and unusual action of nature.

We next notice the exceptions to the ruling of the Court in submitting to the jury whether the defendant company was bound by the acts of Mr. Sales as its agent. The complaint alleges that Sales was agent of defendant company, and this was denied in the answer. As already stated, Sales was in defendant's office working at the operator's table and had sent messages with the knowledge of Blount, who had been the regular agent up to that time. Sales was there to take the place of Blount and had been in and about the office for a few days awaiting the action of the auditor in formally turning the office over to him as successor of Blount. The message transmitted by Sales was handled as a message filed with the company by all the agents of the company along the route, and was recognized as such by the service message, which was admittedly sent from Olar by the defendant. It is competent to show agency by circumstantial evidence. *Bolton* v. *Tel. Co.*, 76 S. C., 531.

It was favorable to defendant to leave it to the jury to say whether Sales acted as agent of defendant with reference to this particular message rather than for the Court to determine the question as matter of law upon the undisputed facts.

Nor was there any error in permitting Blount to testify that Sales told him he had sent the message. Sales was a party defendant. Besides there is no reasonable ground to doubt that Sales was defendant's agent and that the message was in fact received and transmitted by defendant.

Finally, it is contended that the judgment should not stand because under the law of Georgia no recovery can be had for mental anguish, and that the delict, if any, arose in Georgia.

Neither in the pleadings nor in the evidence was any issue raised as to this matter, and it was brought to the attention of Judge Hydrick for the first time on the motion for a new trial, and even then there was no showing made before him as to what was the law of Georgia on this subject.    It is argued, however, that in the absence of any such showing the presumption is that the common law prevails in Georgia and that such law denies the right to recover for mental anguish.    Assuming such to be the law of Georgia, the judgment may stand.    The law of South Carolina permits recovery against a telegraph company for mental anguish resulting from negligence in receiving, transmitting or delivering messages.    The contract for transmission was made in this State, part performance was to be made in this State, and there was evidence of a delict in this State, the two hours' delay above mentioned in transmission from the initial office, sufficient to have avoided the grounding of the wires beyond Savannah and to have enabled the message to reach Midville in time to reach plaintiff before the closing of the Summertown telephone.    We cannot say but what the jury based their verdict upon the evidence as to negligence committed in this State.    *Walker* v. *Telegraph Co.*, 75 S. C., 527, 56 S. E., 38.    It is, therefore, not necessary to consider whether damages under our mental anguish statute could be recovered in this State for negligence committed in Georgia.    The judgment must, therefore, stand as to the Western Union Telegraph Co.    There is, however, no law authorizing recovery for mental anguish disconnected from bodily injury against the defendant, W. C. Sales, and the judgment as to him must be set aside.

The judgment of the Circuit Court is reversed as to defendant, W. C. Sales, but as to defendant, Western Union Telegraph Co., it is affirmed.

April 22, 1908. PER CURIAM. After careful consideration, the Court is unable to discover that any material matter in issue has been overlooked or disregarded.

It is, therefore, ordered that the petition herein be dismissed and that the order staying the remittitur, heretofore granted, be revoked.