### 8643

### GOSSETT v. WESTERN UNION TEL. CO.

TELEGRAPH COMPANIES.—CHARGE as to duty of telegraph company to receive and deliver messages and to use reasonable care and diligence to have them delivered notwithstanding trouble with its operators, and that the message was received out of office hours, is free from error.

Before SHIPP, J., February term, Anderson, 1913.    Affirmed.

Action by Alice and W. G. Gossett against Western Union Telegraph Company.    Defendant appeals.    So much of the charge as is questioned is:

"It is alleged that the charges claimed by the company were paid on this telegram and the telegram was received for prompt transmission; that the telegram was not delivered until on November the first, and too late to enable the plaintiff to come to Anderson to attend the funeral of T. C. Abbott, who is alleged to be the father of the plaintiff in the case, Mrs. Alice Gossett. And it is alleged that they negligently, wilfully and wantonly failed to deliver the telegram, to transmit and deliver, and that by reason of their failure to deliver the telegram, their negligence in failing to deliver the telegram, that the plaintiff was prevented from attending the funeral of her father and was deprived of the consolation of being present at the funeral, and she claims damages in the sum of nineteen hundred dollars.

"Now, the defendant denies the allegations of the complaint for a first defense, and there is another defense to the case. They say that the telegram was received subject to delay; that the office at Calhoun Falls was open for business between eight in the morning and six o'clock in the afternoon, and that the plaintiff was informed of that fact, and that the telegram was received subject to delay. Another defense is that the wires were out of condition, out of order, crossed, and that they were unable to transmit the message on account of the trouble with the wires, and that the trouble in the wires was caused by an agency over which the company had no control, to wit: the natural element. And another defense is that the plaintiff was negligent in not using the means at hand to secure a postponement of the funeral, and, if she was injured, it was caused by her contributory negligence.

"Now, on the first defense, which is a general denial, it makes it incumbent on the plaintiff to prove the allegations of her complaint by the preponderance or greater weight of the testimony. Now, if the plaintiff has satisfied you by the greater weight of the testimony that the telegram set out in the complaint was delivered to the defendant company at

Anderson for transmission for her benefit and the charges were paid, why then I charge you that it is the duty of the telegraph company to receive the message and to use proper diligence and proper care, due care, in transmitting and delivering the message in question. The telegraph company is not an insurer of telegrams, the telegraph company is not required under the law to absolutely insure the delivery and transmission of messages, but it is bound to use a reasonable diligence and dispatch, that care which a person of ordinary prudence and care would be expected to exercise under the same circumstances. And if the company failed to use that diligence and dispatch, reasonable diligence and dispatch, in transmitting and delivering the telegram in question, then the company would be liable for any damages that the plaintiff has sustained that she proves to you.

"Now, are you satisfied that the message was delivered? I believe there is no dispute about that.

"Now, if the plaintiff proves that the message was delivered to the company for transmission, then the question for you is, did the company transmit it with reasonable diligence and dispatch? If you come to the conclusion that it did not, then the burden would shift on the defendant to explain to your satisfaction the excuse it has in some way, some legal way, for not transmitting and promptly delivering the message.

"Now, I charge you that where a telegraph company fails to transmit or deliver a telegraph message by reason of some accident or agency over which it had no control, over which no human foresight could have prevented—in other words, if it fails to do it by some act of God, and if it is the sole cause of the failure to transmit and deliver, why that would excuse it. Because a telegraph company is excused if it is prevented by some act of God, but that must be the sole cause of the failure to transmit and deliver.

"Now, it is incumbent upon the telegraph company that did not deliver the message to show you, to make out its

defense, that it was prevented by the act of God, it would have to show you that and show you that by the preponderance of the testimony.

"I charge you that a telegraph company has a right, that it had a right to have reasonable office hours; that is, according to the circumstances that surround it. In other words, the office hours would be limited there according to the public requirements. In smaller towns you would have a right to take that into consideration. They have a right to have reasonable office hours, and the telegraph company is not bound to receive and deliver messages out of its reasonable office hours; yet if the company receives during those hours, it is their business to deliver with reasonable dispatch. So, you see, after all, it is a question of fact in this case for you to settle.

"Now, was T. C. Abbott the father of the plaintiff in the case, did he die, and was she prevented from attending his funeral? If she was, why the law says that all telegraph companies are liable in damages for mental anguish, whether there is any bodily injury or not, occasioned by the negligence of the company in failing to transmit, negligence in failing to receive, transmit and deliver telegraph messages. And when a telegram shows on its face that it relates to sickness or death, the real party for whose benefit the telegram was sent and who suffered mental anguish by reason of the negligence and wilfulness of the telegraph company may recover damages, without proof that the company knew the relationship of the parties.

"So I charge you now if the plaintiff in the case was prevented from attending the funeral of her father by reason of negligence of the telegraph company, then the defendant would be liable to her for any mental anguish that she suffered by reason of being prevented from attending the funeral of her father. When you come to consider damages, if you find that she is entitled to recover, why there is no way in which I can tell you how to measure that, because the

statute here says give her such damages— I will read you the section. (Reading same.) In all cases under this section the jury may award such damages as they conclude resulted from such negligence, wilfulness and recklessness of said telegraph company.

"Now, I charge you that you leave out in considering this case all these allegations about wilfulness and wantonness, because the plaintiff has withdrawn any claim for what we call wilfulness and wantonness. I had better explain that to you.

"By the word negligence we mean the failure to observe due care. It is the failure to do that which a person of ordinary prudence would do under the same circumstances, or it is the doing of something that a person of ordinary prudence would not have done under the same circumstances. That is what we mean by negligence. It is the failure to observe proper care under the circumstances. Now, where a person simply fails to observe due care inadvertently, fails to do his duty, why you call that negligence, where he just simply fails, inadvertently fails, to do his duty; but where a person adverts to his duty and thinks about his duty and knows about his duty, and then consciously violates his duty, we call that wilful. But so far as wilfulness is concerned now, it is withdrawn from the case. But the statute says if you conclude that the plaintiff is entitled to damages, it leaves it to the jury to decide, and the law does not lay down any way by which you are to measure it except by your own good judgment. In no case could you give the plaintiff any greater amount than she claims in her complaint, which is nineteen hundred dollars. You can give her any less sum than that that you conclude that she is entitled to, if you conclude that she is entitled to anything. * * *"

*Messrs. Geo. H. Fearons, John Gary Evans* and *Bonham, Watkins & Allen,* for appellant. *Messrs. John Gary Evans*

26—95

and *Bonham, Watkins & Allen* cite: *Measure of damages:* 83 S. C. 8.    *Proximate cause:* 70 S. C. 418; 90 S. C. 132; 84 S. C. 67; 93 S. C. 119, 173, 176.

*Mr. A. H. Dagnall,* contra, cites: *Excuse for not delivering:* 80 S. C. 207; 72 S. C. 350.    *Measure of damages:* 73 S. C. 524.

September 8, 1913.    The opinion of the Court was delivered by

MR. JUSTICE WATTS.    This was an action by plaintiffs against the defendant for mental anguish, caused by failure to deliver promptly to plaintiff's husband a telegram, announcing the death of her father.    The action was both for actual and punitive damages, the cause was heard by his Honor, Judge Shipp, and a jury, at the February term of the Court, 1913, and at the close of the evidence the plaintiffs withdrew from the jury the question of punitive damages. The jury found for the plaintiffs $1,500, and the Judge granted a new trial, unless the plaintiffs would remit $500 of this amount, which they did.    After entry of judgment, the defendant appealed and asks reversal of the same by nine exceptions, eight of which impute error to his Honor in his charge to the jury.    The Judge's charge, as a whole, is free from error, and if the appellant desired more specific instructions it should have presented requests to charge. His Honor read to the jury what is known as "the Mental Anguish Act" (section 3330, Code of Laws 1912), and his charge is sustained by the cases of *Mercer* v. *Southern Railway Co.,* 66 S. C. 247, 44 S. E. 750; *Hughes* v. *Telegraph Co.,* 72 S. C. 517, 52 S. E. 107; *Tinsley* v. *Telegraph Co.,* 72 S. C. 350, 51 S. E. 913; *Fail* v. *Telegraph Co.,* 80 S. C. 207, 60 S. E. 697; *Bennett* v. *Street Railway Co.,* 92 S. C. 75; *Roberts* v. *Telegraph Co.,* 73 S. C. 524, 53 S. E. 985. These exceptions are overruled.

The ninth exception complains of error on the part of his Honor in not granting a new trial. This exception cannot be sustained, as there was sufficient evidence to sustain the verdict.

Judgment affirmed.