15904

LEVESQUE v. CLEARWATER MANUFACTURING COMPANY

(41 S. E. (2d) 92)

*Messrs. Hendersons & Salley,* of Aiken, for Appellant,

*Messrs. Williams & Busbee,* of Aiken, for Respondent,

*Messrs. Hendersons & Salley,* of Aiken, for Appellant,

January 9, 1947.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous opinion of the Court.

This action is brought for damages by a former employee against his employer, the defendant, which is engaged in the business of dyeing and bleaching cotton goods, and its factory is referred to as a bleachery and dye plant.

It was alleged in the complaint that there were used poisonous "chemicals, vapors, gases and colorings", which raised the duty upon the defendant to provide safeguards to prevent the poisons from coming in contact with employees, and to make and enforce reasonable rules and regulations in protection of their lives and health, and that they should be warned of the dangers and provided with "gloves, masks and antidotes and such other precautionary measures as may be proper for use by its said employees, who were required by it to work with, in or about said poisonous vapors, chemicals, gases, dyes and colorings, in order to save the employees from the injurious effects of said poisons". It was further alleged that plaintiff was employed prior to April 21, 1942, at which time he became ill from the effect of the alleged poisonous chemicals, etc., and had to be treated by physicians and hospitalized, suffered pain, itching, and sores, which finally unfitted him for military service, where he was also treated by physicians; that he is permanently injured and disabled to follow his former occupation, whereby he is also permanently financially injured and rendered repulsive to others from the resultant appearance and odor. For better understanding of the issues before us the specifications of alleged negligence, recklessness and willfullness contained in the complaint are here reproduced, as follows:

"V. That plaintiff's injuries and damages aforesaid are due to defendant's negligence, carelessness, recklessness, willfullness and utter indifference to the rights of plaintiff and others working in said plant in the following particulars, to wit:

"(a) In that the defendant required plaintiff, who was inexperienced and unfamiliar with the dangers of poisonous chemicals, vapors, gases, dyes and colorings, to work with, in and about the same, without giving plaintiff any notice or warning of the dangers to his health and life, defendant having full and complete knowledge of the dangers incident thereto, and of the fact that plaintiff was not aware of the dangers thereof.

"(b) In that defendant failed in its duty to make, promulgate and enforce reasonable rules and regulations for the governing of its workmen and employees, and particularly the plaintiff, when working in and about its bleachery, dye plant and color shop, which would prevent their coming in physical contact, or taking into the human system, said poisonous chemicals, vapors, gases, dyes and colorings.

"(c) In requiring its employees, particularly the plaintiff, to perform and work in said unsafe place and surroundings.

"(d) In that defendant failed in its duty to provide any safeguards so as to protect the health and life of its employees, and particularly the plaintiff, in connection with said dangerous work about said poisonous chemicals, vapors, dyes and colorings, and failed to furnish any gas masks, gloves, antidotes, preventatives, or relief of any kind from the poisonous effect of the same, except when occasionally plaintiff, after he had become affected with the dyes, insisted upon gloves when he was given, at times only, second-hand gloves unfit for use as a preventative measure. Defendant, when plaintiff asked about the gloves fit for use, invariably promised new gloves, but did not provide them."

The answer of the defendant, now appellant, included a general denial and the following plea of contributory negligence, recklessness and willfullness:

"That defendant alleges that if the plaintiff was damaged in the manner set out in the complaint (which is specifically denied in the first defense hereof), through any negligence, carelessness, recklessness, willfullness, or other indifference to his rights on the part of the defendant, that this defendant alleges that the plaintiff's own negligence, carelessness, recklessness, willfullness, and utter indifference as to protecting himself, and as to his own safety, in his manner of protecting himself while working in the plant of the defendant, and in his manner of failing to take such precautions as he should have taken, and especially in his failure to wear rubber

gloves, and in his failure to follow his instructions contributed to his damage as a proximate cause thereof, without which the damage complained of in the Complaint would not have occurred."

The suit was for $5,000.00 damages and resulted in a verdict and judgment for the plaintiff of $1,000.00 actual damages. The appeal is only from the refusal of the court to specifically charge the jury three certain requests, or prayers for instructions, asked by the appellant. There were numerous such requests and the court charged the majority, but rejected those which will be set forth in the following separate discussions of them.

The first of the refused requests was No. 5, as follows:

"You are further charged that another specification of negligence set up in plaintiff's Complaint is that defendant failed in its duty to provide safeguards to protect the health and life of its employees. On the contrary, if you find that the plaintiff was furnished with proper instrumentalities such, for instance, as gloves (which he mentions in his Complaint), and that he failed to use the same, and that the furnishing of the same constituted the furnishing of a proper safeguard on the part of the defendant, then you may disregard this specification of negligence."

The court commented that it constituted a charge on the facts, which was a proper criticism, and we add that it omitted the element of proximate cause. Plaintiff had testified, in effect, to the entire absence of safeguards or protective devices until he had after suffering injury asked for gloves and was furnished with worn-out ones and that he devised the only protection of his feet and legs by tieing rags of cloth about them. The requested instruction is quite susceptible of the meaning that appellant should have been exonerated if it furnished gloves of any kind as the only safeguard. Such is referred to as "a proper-safeguard" as if it only were necessary in any view of the complaint and

testimony. (See par. V(d) of the complaint, *supra*). Gloves were so highlighted in the pleadings and evidence, whether they were furnished at all to begin with, and whether when furnished they were adequate, that the issue could not have escaped the attention of the jury. The trial judge did not err when he declined this request. The situation is the converse of *Finch v. Railway Co.*, 87 S. C. 190, 69 S. E. 208, where it was said in the opinion: "The constitution does not allow the presiding Judge to state the evidence; much less does it allow him to single out any particular act or omission of the defendant and instruct the jury that if that appears then they may infer that the defendant was negligent. *Lampley v. Atlantic C. L. Ry.*, 71 S. C. 156, 50 S. E. 773; *Weaver v. Southern Ry.*, 76 S. C. 49, 56 S. E. 657; *Turbyfill v. Atlantic & C. A. L. Ry.*, 83 S. C. 325, 65 S. E. 278."

The eleventh request was also refused, as follows:

"As to the plea of contributory negligence set up in the answer, you are charged that contributory negligence is a perfect defense as to negligence on the part of the defendant if properly proven, and you are charged that if you find that the plaintiff was negligent or careless during his employment with the defendant, in the manner charged in the answer, that is, in being indifferent as to protecting himself, and as to his own safety, and in failing to take such precautions as he should have taken, and especially in his failure to wear rubber gloves, and in his failure to follow instructions that were given to him and that his so doing amounted to negligence or carelessness, and contributed to the bringing about of the condition which the plaintiff complains of, as a proximate cause thereof, even in the slightest degree, then you are charged that the plaintiff cannot recover damages for any ill effects that he may have suffered, if any, as a result of any carelessness or negligence on the part of the defendant."

The trial court made no comment in connection with ██ refusal to charge in accord with this prayer but there are patent shortcomings. First, it ignores the principle that simple contributory negligence is not a defense to recklessness or willfullness. The fact that the jury confined their verdict to actual damages does not cure this defect for consideration of the requested charge was, of course, before rendition of the verdict. Moreover, the jury may have found recklessness and willfullness on the part of the appellant and yet inconsistently failed to award punitive damages. There is a further consideration, which justified rejection of the fifth request as well as this, the eleventh. It is that the emphatic reference to rubber gloves would have been an unwarranted singling out of this issue and have indicated a view of the importance of this part of the testimony which may well have violated the strict inhibition of the court to emphasize, or indicate his view of the importance of, any portion of the conflicting evidence. *Powers v. Rawls,* 119 S. C. 134, 112 S. E. 78, and cases cited. 64 C. J. 890.

Immediately following the refusal to charge the eleventh request the court did charge appellant's twelfth, which answers in the main the argument of error in the refusal of the eleventh request. Incidentally, it ignored, favorably to appellant, the issue of willfullness and recklessness. It (the twelfth) was as follows, charged, as said:

"You will note that any contributory negligence which contributes to the bringing about of any injury on the part of the plaintiff even in the slightest degree, as a proximate cause thereof, without which said injury would not have occurred bars a recovery on the part of the plaintiff, on account of any negligence on the part of the defendant."

Appellant's final exception relates to rejection of its sixth request which was as follows:

"You are charged that one of the specifications of negligence set out in the Complaint is that the plaintiff was required to perform his work in an unsafe place and sur-

roundings. But you are charged that plaintiff has presented no testimony to substantiate this charge, hence, it must be discarded by you in your consideration of the case."

It was improper under the pleadings and evidence. It was not for the court to thus charge upon the facts.

Certainly if respondent was ignorant of the latent danger of the dyes, as alleged in the complaint and testimony, and was not instructed and reasonably safeguarded against contact with them (indeed, they got upon his hands, arms and, he said, his feet), the jury could well have found that the surroundings of his employment did not constitute a reasonably safe place to work. The issue was for them. Upon this interesting phase of the law of master and servant, particularly burden of proof (or burden of proceeding with evidence) relating to negligence of the master thereabout, see *Bunch v. American Cigar Co.,* 126 S. C. 324, 119 S. E. 828, opinion by Mr. Justice Cothran.

It is of some apparent significance that after respondent's hands and forearms were admittedly injuriously affected by contact with the chemicals he was treated by a physician to whom he was sent by the appellant, and thereafter he was transferred to another part of the plant for the performance of duties which occasioned no contact with the harmful dyes. This change of his duties was, respondent testified, pursuant to this doctor's advice, which the latter did not deny. Thus the jury may have reasonably found that he was shifted from an unsafe place to work to a safe one, so far as further danger from the dyes was concerned.

As always in appeals from refusals to grant prayers for instructions, it is necessary in this case to consider the main, or general charge to the jury by the court, and to weigh the instructions as a whole in order to determine whether they were sufficiently full and were free from error prejudicial to appellant. Upon such consideration we find that the instructions meet this test. It is not error for the court to refuse requests to charge, even when they

contain correct and applicable statements of the law, if their substance is fairly covered in the instructions given. Many decisions to this effect are found in 32 S. E. D. 587 *et seq.,* Trial, key 260.

The exceptions are overruled and the judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.