17196

BETTY FIELD, Respondent, v. FRED L. GREGORY, B. FRED GREGORY and ROBERT B. GREGORY, d/b/a GREGORY'S LAUNDRY AND CLEANERS, and WILLIAM L. BINGHAM, Appellants

(94 S. E. (2d) 15)

*Messrs. Wyche, Burgess & Wyche,* of Greenville, *for Ap-*
*pellants,*

*Frank G. Carpenter, Esq.,* of Greenville, *for Respondent,*

August 7, 1956.

Moss, Justice.

This is an action to recover damages to person and property, resulting from a collision between respondent's automobile and a truck owned by Gregory's Laundry and Cleaners, and operated by William L. Bingham, an employee thereof, who are appellants. The collision occurred at about 5 o'clock p. m. on November 5, 1953, at the intersection of Frances and Beatrice Streets, near the City of Greenville, S. C. The trial resulted in a verdict for the respondent for actual damages.

The complaint alleges that injury and damage to the person and property of the respondent was directly and proximately caused by the willful, wanton and reckless operation of the appellant's truck. The allegations of the complaint allege that the truck was being driven at a rate of speed excessive under the circumstances; the driver did not have the truck under proper control; failed to keep a proper lookout and to yield the right of way as required by the laws of the State of South Carolina.

The answer of the appellants contained a general denial and also alleged as a defense that respondent's injury and damage, if any, was caused and occasioned by the sole negligent, reckless, willful and wanton acts of the respondent; and also that the respondent was guilty of contributory negligence and willfullness, and that her injury and damage resulted because she drove her automobile without keeping a proper lookout; and without having same under proper control and at a greater rate of speed than was reasonable and safe under existing conditions; and in failing to yield the right of way to the appellants when their truck had entered

the intersection from respondent's right, in violation of the statutory law of the State of South Carolina.

At appropriate stages of the trial, the appellants moved for a nonsuit, directed verdict and judgment *non obstante veredicto,* and alternatively, for a new trial.

The first question for determination is whether the trial Judge erred in refusing appellants' motions for a nonsuit and a directed verdict, upon the ground that respondent was guilty of contributory negligence as a matter of law.

The collision between the automobile of the respondent and the truck of the appellants occurred at the intersection of two secondary surface treated streets, each about 15 feet in width. Neither street had any stop sign thereon. The respondent was traveling south on Beatrice Street and the appellants' truck was traveling East on Frances Street. It is a fact that appellants' truck was aproaching the intersection from respondent's right. The two vehicles came together at approximately the same point on each other, that is, at the head light to the right and left side of respondent's automobile and appellants' truck, respectively. The right front of respondent's automobile was damaged and the left front of appellants' truck was damaged. After the impact, the vehicles ended up diagonally across from the intersection. The respondent testified that as she approached the intersection of the two streets, that she slowed down and looked to her right and to her left and did not see any vehicles approaching. She then proceeded to cross the intersection, and that while she was in such intersection the appellants' truck hit her. She states in her testimony that she saw the appellants' truck at varying distances but the greatest distance being 15 feet from her. She does not estimate the speed of appellants' truck except to say that "he was going at a high rate of speed", and "I know he was going fast."

The driver of appellants' truck testified that he was delivering laundry and had stopped on Mary Street, which street is 400 feet from the intersection where the collision occurred;

and that he turned on Beatrice Street and as he approached the intersection of said street with Frances Street, he saw the respondent coming towards the intersection on Beatrice Street. He testified that respondent was traveling at a speed of 45 or 50 miles per hour, and that when he saw the respondent coming at this speed into the intersection, he applied his brakes and slid into the intersection. He testified that his speed was not over 30 miles per hour. This witness also testified that he saw respondent's car when it was 30 or 40 feet back from the intersection and that he was traveling not over 30 miles per hour, and that he slammed on his brakes as hard as he could, but yet he slid into the intersection and collided with respondent's car.

The driver of appellants' truck, on cross examination, stated that he was 40 or perhaps 50 feet back on Beatrice Street when he first saw the car of respondent, and that she was on Frances Street 60 or 70 feet from the intersection. The driver also admitted that he probably slammed on his brakes as hard as he could.

The appellants raise no question as to the negligence on the part of the driver of the truck. As a matter of fact, counsel for the appellants conceded during the oral argument, that the driver of the truck was negligent. Appellants seek to escape liability upon the ground that the respondent was guilty of contributory negligence as a matter of law. The appellants assert that the respondent was guilty of contributory negligence as a matter of law, in not seeing appellants' truck, in not making any effort to avoid the collision and in failing to yield the right of way to appellants' truck entering the intersection from her right at aproximately the same time. It is asserted that if respondent had exercised due care in looking as she approached the intersection, she could have easily observed the truck approaching from her right. It is asserted that her visibility to the right was unobstructed and if she had looked in that direction she could have easily observed the approaching of the truck and, therefore, the re-

spondent should have yielded the right of way to such approaching truck.

The appellants contend that the respondent was guilty of contributory negligence as a matter of law because she violated Section 46-421, of the 1952 Code of Laws of South Carolina, which provides:

"The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway. When two vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right."

This Court has stated in *Chapman v. Associated Transport, Inc.,* 218 S. C. 554, 63 S. E. (2d) 465, 469, the following:

"The violation of an applicable statute is negligence *per se,* and whether or not such breach contributed as a proximate cause to plaintiff's injury is ordinarily a question for the jury. *Eickhoff v. Beard-Laney, Inc.,* 199 S. C. 500, 20 S. E. (2d) 153, 141 A. L. R. 1010; *Lawrence v. Southern Ry.-Carolina Division,* 169 S. C. 1, 167 S. E. 839; *Dickson v. Inter-Carolina Motor Bus Co.,* 161 S. C. 297, 159 S. E. 625."

We think the question of whether the respondent was guilty of negligence which contributed as a proximate cause of her injury and damage was properly submitted to the jury. The facts above recited show many contradictions and that more than one inference can reasonably be drawn therefrom. This Court is powerless to reach a conclusion on the facts or the inferences to be drawn therefrom, when the facts are in dispute. When such is the situation it is the duty of the trial Judge to submit such questions of fact to the jury for its determination. *Cox v. McGraham,* 211 S. C. 378, 45 S. E. (2d) 595.

In the case of *Harrison v. Atlantic Coast Line Ry. Co.,* 196 S. C. 259, 13 S. E. (2d) 137, 141, this Court said:

"It is firmly established in this jurisdiction that if the inferences properly deducible from the evidence are doubtful, or if they tend to show both parties guilty of negligence or willfullness, and there may be a fair difference of opinion as to whose act produced the injury complained of as a direct and proximate cause, then the question must be submitted to the jury. *Ford v. Atlantic Coast Line Railroad Co.,* 169 S. C. 41, 168 S. E. 143."

It was the duty of the driver of appellants' truck on approaching the intersection of Beatrice and Frances Streets to exercise due care notwithstanding his knowledge that traffic approaching such intersection from his left was required to yield the right of way to him. It may be inferred from the testimony that the truck of appellants was approaching the intersection at an unlawful rate of speed. It may also be inferred that the automobile of respondent had already entered the intersection before appellants' truck reached it. The evidence for the respondent is susceptible of such inferences. Therefore, it was for the jury, not the Court, to determine whether or not such negligence caused the collision. *Geiger v. Checker Cab Co.,* S. C., 91 S. E. (2d) 552.

The appellants take the position that the trial Judge committed error in charging the jury that contributory negligence would not bar recovery if the defendants were guilty of willfullness, wantonness and recklessness, when there was no evidence from which it could be inferred that the defendants were guilty of willfullness, wantonness and recklessness.

Contributory negligence is not a defense when the injury complained of is shown to have been willfully done, or was the result of such gross negligence as would imply wantonness or recklessness. This Court has so held in numerous cases. *Marks v. I. M. Pearlstine & Sons,* 203 S. C. 318, 26 S. E. (2d) 835; and the cases therein cited.

There is no issue of willfullness, wantonness and recklessness on the part of the appellants since the jury's verdict was

for actual damages only. The effect of the jury's verdict for actual damages is concisely stated in the case of *Utsey v. Williams,* S. C., 92 S. E. (2d) 159, 160:

"The effect of the verdict of the jury for only actual damages was to absolve appellant from the charges of recklessness and willfullness. The question now is whether respondent was guilty of contributory negligence as a matter of law. If so, the motion for judgment *non obstante veredicto* should have been granted. *Taylor v. Atlantic Coast Line Railroad Co.,* 217 S. C. 435, 60 S. E. (2d) 889; *Mozingo v. Atlantic Coast Line Railroad Co.,* 220 S. C. 323, 67 S. E. (2d) 516."

The evidence in this case required a submission of the issue of punitive damages to the jury. The violations of at least three statutory provisions were indicated by the evidence. Sections 46-361, 46-362 and 46-363 of the 1952 Code of Laws of South Carolina.

In *Morrow v. Evans,* 223 S. C. 288, 75 S. E. (2d) 598, 601, this Court stated:

"Causative violation of an applicable statute constitutes actionable negligence and is evidence of recklessness, willfullness and wantonness. *Lumpkin v. Mankin,* 136 S. C. 506, 134 S. E. 503; *Ralls v. Saleeby,* 178 S. C. 431, 182 S. E. 750; *Vernon v. Atlantic Coast Line R. Co.,* 221 S. C. 376, 70 S. E. (2d) 862."

We, therefore, conclude that the trial Judge was correct in submitting the issue of willfullness, wantonness, and recklessness to the jury. Hence it was proper for him to charge the jury that contributory negligence would not be a defense to willfullness, wantonness and recklessness.

The record reveals that the appellants made no point in the Circuit Court of the fact that the jury had, by its verdict, exonerated the appellants of willfullness, wantonness and recklessness. Hence, such position is not available to the appellants on this appeal.

In the case of *Gleaton v. Southern Railway Co.,* 208 S. C. 507, 38 S. E. (2d) 710, this Court said:

"Much of its able argument is bottomed upon the premise that the jury's favorable verdict for the engineer-defendant absolved the appellant from liability for the alleged negligent and reckless acts and omissions of it which were most, if not all, the acts of the engineer, and the latter was found innocent by the jury. *Carter v. Atlantic Coast Line R. Co.,* 194 S. C. 494, 10 S. E. (2d) 17. But appellant is plainly not in position to claim any advantage from the verdict of acquittal of the engineer for it made no point of it in the trial court. The motion for judgment *non obstante veredicto* afforded appellant no remedy on that account." See also the case of *Walker v. Atlanta & Charlotte A. L. R. Co.,* 210 S. C. 443, 43 S. E. (2d) 206.

The appellants assert that the court committed error in failing to charge, at their request, that the question as to whether vehicles are approaching or entering an intersection at approximately the same time does not necessarily depend on which vehicle enters the intersection first but depends primarily upon the imminence of collision when the relative distances and speeds of the two vehicles are considered.

An examination of the charge as made by the trial Judge shows that he charged the jury in the language of Section 46-421 of the 1952 Code of Laws of South Carolina. In so doing there was no error. It should be observed that the language of the statute is not involved nor couched in words that are not understandable by a layman.

In 53 Am. Jur., Trial, para. 542, at page 433, it is said:

"As a general rule where the law governing a case is expressed in a statute, the court in its charge not only may, but should, use the language of the statute, and may, indeed, be guilty of error if it employs language which constitutes a departure in an essential respect from the statute. However,

it is not error to qualify the wording of the statute so as to conform it to construction given by the reviewing courts."

In the case of *Dodenhoff v. Nilson Motor Express Lines,* 190 S. C. 60, 2 S. E. (2d) 56, 57, the appellants charged the trial Judge with error in his statement of the law regarding the required lights on certain trucks. In disposing of the exceptions the Court said:

"The appellants rely particularly on the case of *Keel v. Seaboard Air Line R. Co.,* 108 S. C. 390, 95 S. E. 64, 65. In that case in passing upon an exception complaining of error in the charge of the presiding Judge, this Court stated: 'He read the statute to the jury, and that was sufficient. He had the right to read the statute to the jury, or, if the language of the statute was embodied in his own language, this was sufficient. *Mercer v. Southern Ry.,* 66 S. C. (246), 252, 44 S. E. 750.' "

In this connection see the following cases: *Swindler v. Peay,* 227 S. C. 157, 87 S. E. (2d) 296; *Levesque v. Clearwater Mfg. Co.,* 209 S. C. 494, 41 S. E. (2d) 92.

The particular complaint of the appellants is that the Court failed to explain as to what "entering an intersection at approximately the same time" meant. It is well settled that words used in a statute must be given their ordinary and popular signification, unless there is something in the statute requiring a different interpretation. There are no words used in the statute that have any unusual legal meaning. When the Judge charged the jury in the language of the statute, this was sufficient in this particular case.

In the case of *Wragge v. South Carolina & G. Railroad Co.,* 47 S. C. 105, 25 S. E. 76, 83, 33 L. R. A. 191, this Court said:

" 'One of the primary rules in the construction of a statute is that the words used therein should be taken in their ordinary and popular signification, unless there is something in the statute requiring a different interpretation. Cooley Const. Lim. 58, 59; Potter, Dwar. St. 127, 622. This is really noth-

ing more than a rule of common sense, for it must be supposed that the legislature, in enacting a statute, intended that the words used therein should be understood in the sense in which they are ordinarily and popularly understood by the people, for whose guidance and government the law was enacted, unless there is something in the statute showing that the words in question were used in some other sense.' "

We have now disposed of all appellants' exceptions, other than 3 and 5, which charge error of the Court in allowing the respondent to testify over objection as to her permanent injuries and the nature and extent thereof, and to the charge of the trial Judge with regard to the respondent being allowed to recover for such permanent injuries. These exceptions were not argued in the appellants' brief and are considered abandoned by this Court. *Priester v. Priester,* 131 S. C. 284, 127 S. E. 18; *Echols v. Seaboard Air Line R. Co.,* 174 S. C. 537, 178 S. E. 139; *Shea v. Glens Falls Indemnity Co.,* 228 S. C. 173, 89 S. E. (2d) 221.

All of the exceptions of the appellants are overruled and the judgment of the Court below is affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.