16456

SPEARMAN v. COUCH *ET AL.*
(63 S. E. (2d) 161)

*Messrs. Watkins & Watkins,* of Anderson, and *George L. Grantham,* of Pickens, *for Appellants,*

*Messrs. Culbertson & Foster,* of Greenville, and *William J. Acker,* of Pickens, *for Respondent,*

January 29, 1951.

PER CURIAM.

The highway from Easley, South Carolina, to Pickens, South Carolina, runs practically east and west. About 6:30 or 7:00 o'clock P. M. on December 24, 1948, respondent was walking west on the north side of said highway on the sidewalk. When he got to a point directly opposite the intersection of a street which runs southeast from said highway, respondent started to cross the highway from the north to the south side, and, in so doing, he stepped into the highway and then saw a taxi coming from the east. Before he could get back to the sidewalk, the taxicab struck him and he suffered serious injuries. The highway at that point was a 40 foot, four lane highway. The speed limit for vehicles at that point was 35 miles per hour under the law. The foregoing facts are gathered from the agreed statement in the Transcript of Record.

This action was commenced, and the appellants, The Travelers Insurance Company and The Travelers Indemnity Company, were made parties by reason of the issuance by said appellants of automobile liability policies aggregating $5,000, as required by an ordinance of the City of Easley.

The case was tried before the Honorable G. Duncan Bellinger and a jury at the October, 1949, term of Civil Court at Pickens, South Carolina, and resulted in a verdict for the respondent for $5,000 against all of the appellants.

A motion for a directed verdict for the appellants was made at the conclusion of all of the testimony, which was overruled by the Presiding Judge, and after the verdict was returned by the jury, a motion for judgment *non obstante veredicto* was made by the appellants, which motion was also overruled by an order of the Presiding Judge bearing date December 6, 1949.

The appellants, in due time, served notice of intention to appeal from said order, which appeal is bottomed upon the exceptions which raise issues as follows:

1. Did the Court err in holding that the respondent, a pedestrian, had equal rights with motor vehicles on the highway at the point he undertook to cross said highway?

2. Was it error to refuse the appellant's motion for a directed verdict and the motion for judgment *non obstante veredicto?*

The determination of the first question is not decisive of the issues involved. It involves a consideration of applicable statutes in force at the time of the accident.

Subsection 28 of Section 1616 of the Code of 1942, then in effect, reads, in part, as follows: "Every pedestrian crossing a highway, except where traffic control signals are provided, shall yield the right-of-way to all vehicles upon the highway."

The record discloses that at the time of the injury to the respondent, he was undertaking to cross the 40 foot four lane highway from the north side to the south side so as to reach a point at the south side thereof where a street runs southeast from the highway, and there is no testimony that at the intersection referred to there were any traffic control signals.

Judge Bellinger, in his order refusing the motion for judgment *non obstante veredicto,* held that a pedestrian has an equal right with motor vehicles in crossing a street at an intersection, and is not required, as a matter of law, to yield the right of way to motor vehicles. We think he was in error in the conclusion, as applied to an intersection of the character involved in the action, where traffic control signals are not provided, but we consider this immaterial for reasons hereafter appearing.

The second question is one of more difficulty, and in disposing of it we shall bear in mind that each case is governed by its peculiar facts, and that in this appeal we have only the respondent's testimony and the admitted facts appearing in the statement in the Transcript of Record upon which to

base our conclusion. The testimony of the respondent, viewed most favorably to him, will be briefly summarized.

Respondent, a resident of Easley, about 6:30 P. M., after dark, while it was misting rain, was going from his home to visit a brother-in-law, who lived at Alice Mill. He walked on the sidewalk on the north side of the highway from Easley to Pickens to a point opposite a street leading into said highway from the southeast. He stepped off the curb into the highway; looked and saw the appellant Couch's approaching taxi; stepped back on the curb with his left foot and before he could get his right foot back it was struck by the taxi and he was seriously injuried. The speed of the taxi was estimated by him to have been from 50 to 70 miles per hour. The taxicab was 50 to 70 yards away when respondent first saw it. In response to a question on cross-examination, as to whether respondent had made a statement to a representative of the Insurance Company that he had seen the taxi coming for a good distance, respondent said that he didn't notice that the taxi was so close to the right curb. Nor can we say that there was any reason for him to anticipate it would be so close to the curb as to strike him when he was only one step in the highway.

The appellants contend that under the testimony and admissions, viewed most favorably to the respondent, the conclusion follows that the respondent was, as a matter of law, guilty of contributory negligence in failing to look in the direction from which the taxi was coming before stepping from the curb. Judge Bellinger reached the conclusion that there is no imperative rule requiring a pedestrain about to cross a public street at a regular crossing to look for approaching automobiles, and that it is a question of fact for the jury's determination, under the peculiar circumstances of the case, where the evidence is conflicting or different inferences of fact may be reasonably drawn therefrom.

Assuming, without so holding, that respondent was guilty, as a matter of law, of at least simple negligence in failing to look before stepping into the high-

way, and that the testimony is susceptible only of the inference that such was a proximate cause of the accident, and the appellant Couch was guilty of no more than simple negligence, it would be our duty to set aside the verdict, and order judgment in favor of the appellants. There is, however, testimony to the effect that the appellant Couch was operating his taxi at a rate of speed as high at 70 miles per hour within a municipality, and at a point where the lawful rate was 35 miles per hour, on a misty and dark night, at a street intersection, and within close proximity to the right curb of said highway, so close in fact as to strike a pedestrian who only got one step into the highway. If the jury believed this testimony, they were warranted in concluding that the appellant Couch was guilty of gross negligence, as to which respondent's contributory negligence, if found by the jury to be present, would not be a defense. It, of course, cannot be said, as a matter of law, that respondent was guilty of gross negligence.

We do not agree with the reasoning upon which the Trial Judge based his refusal to grant a verdict *non obstante,* but we think there was sufficient testimony to warrant the jury's verdict, and his conclusion is correct.

The cases and citations in the briefs of the parties have been carefully considered, but, as stated above, the facts in each particular case govern, and we do not think that an analysis of the cases would serve a useful purpose.

The exceptions are overruled, and the judgment below affirmed.