Nancy BRUIN, Appellant,

v.

G. P. TRIBBLE, Allen Harper and One 1953 White Tractor bearing 1954 Georgia License Plate A/H4892, Appellees.

No. 7248.

United States Court of Appeals Fourth Circuit.

Argued Oct. 10, 1956.

Decided Nov. 7, 1956.

W. Brantley Harvey, Sr., Beaufort, S. C. (Harvey & Harvey, Beaufort, S. C., on the brief), for appellant.

G. L. B. Rivers, Charleston, S. C. (Joseph R. Young and Hagood, Rivers & Young, Charleston, S. C., on the brief), for appellees.

Before SOPER and SOBELOFF, Circuit Judges, and BRYAN, District Judge.

SOPER, Circuit Judge.

This appeal was taken from an order of the District Court whereby judgment *non obstante veredicto* was entered for the defendants, the owner and the driver of a tractor-trailer, after the jury had found a verdict in favor of the plaintiff who was injured in a collision with the truck on the night of July 1, 1954, on a public road in the town of Bluffton, South Carolina. The judge in the first instance refused to direct a verdict for the defendant and submitted the case to the jury, which found a verdict for the plaintiff in the sum of $1380.85 actual damages and $1000.00 punitive damages; but thereafter, upon motion of the defendant, the judge reconsidered the case and being of the opinion that the plaintiff was guilty of gross contributory negligence, as a matter of law, entered the judgment appealed from.

The evidence taken most favorably to the plaintiff—there was in fact little conflict—made out the following case. The accident occurred at a road-crossing where Calhoun Street, the main thoroughfare of the town running northerly, comes to a dead end when it meets State Highway No. 46, which runs East and West. Nancy Bruin was an elderly woman who lived on the North side of the

Highway a short distance West of Calhoun Street. She had been to church and was driven home by her pastor in his automobile. She alighted from the car at a stop sign which was located on the East side of Calhoun Street a few feet South of the Highway. The pastor then rounded the corner in his car and drove East on the Highway towards his residence, which was situated about two blocks from the intersection. As he traversed the first block he passed the defendant's truck, which was well lighted and was proceeding slowly at a point about 200 feet East of the point of collision. In the meantime, Nancy Bruin, who was clad in a gray dress, walked North on the sidewalk on the East side of Calhoun Street until she reached the Highway and then crossed the Highway to a point within two or three feet of the North edge of the paved portion and was in the act of turning to her left when, for the first time, she saw the lights of the truck and was instantly struck down by the right front end of the vehicle. At the same moment the truck driver first saw the woman and, as he was driving very slowly, he was able to stop the vehicle within two or three feet. There was nothing to prevent the woman from seeing the approaching well lighted truck as she crossed the Highway, and there was nothing to prevent the driver from seeing the woman as he approached the intersection since there were no other vehicles in sight and the truck was equipped with headlights and other lights, and there was an overhead street light located almost directly over the point of collision.

Under these circumstances, it was error in our opinion to upset the verdict of the jury. The adverse decision was based on cases like Hicks v. Atlantic Coast Line R. Co., 187 S.C. 301, 197 S.E. 819, and Robinson v. Atlantic Coast Line R. Co., 179 S.C. 493, 184 S.E. 96, in which a pedestrian was injured while attempting to cross a railroad track in front of an approaching train in plain sight; or cases like the decision of this Court in Smith v. Biggs, 223 F.2d 839, where a pedestrian entered a heavily traveled dual highway from the dividing space in the nighttime in the country at a point where there was no crosswalk or intersection. In these cases gross negligence on the part of the injured persons taking the risk of crossing without looking was completely obvious, but they are of little help for our present purposes. It cannot be said that the conduct of the plaintiff in the pending case was so grossly negligent as to be beyond controversy. Had she looked to her right and seen the slowly approaching truck she might reasonably have concluded that the driver would see her and so manage his vehicle on the unobstructed Highway as to avoid striking her. In any event, the question of the plaintiff's contributory negligence was for the jury and not for the Court to decide.

In this connection, two rules of law laid down by the South Carolina Courts, which were referred to by the judge in his charge, are relevant. In the first place, it is held that ordinary negligence on the part of a plaintiff contributing to an injury does not bar recovery if the contributing conduct on the part of the defendant is so grossly negligent as to imply wantonness, wilfulness or recklessness on his part. Marks v. I. M. Pearlstine & Sons, 203 S.C. 318, 26 S.E. 2d 835; Spearman v. Couch, 218 S.C. 430, 63 S.E.2d 161; Dawson v. South Carolina Power Co., 220 S.C. 26, 66 S.E.2d 322. Secondly, a negligent plaintiff may recover if the defendant has the last clear chance to avoid the accident by exercise of due care if he realizes, or should have realized, that the plaintiff is inattentive or unaware of the danger. Seay v. Southern Railway—Carolina Division, 205 S.C. 162, 31 S.E.2d 133; Scott v. Greenville Pharmacy, 212 S.C. 485, 48 S.E.2d 324, 11 A.L.R.2d 745; Durant v. Stuckey, 221 S.C. 342, 70 S.E.2d 473. The jury may have found for the plaintiff in this case on either theory. It may have concluded that the plaintiff, although negligent, was not grossly negligent in crossing a lighted highway in front of a slowly moving truck, but that the conduct of the driver, in crossing the intersection in such a

way as to fail to see a pedestrian in plain sight, amounted to wilfulness or recklessness. It is noticeable that the jury seems to have come to this conclusion in including punitive damages in its verdict. In the alternative, the jury may have concluded that if the driver had kept a careful lookout he could easily have seen the elderly woman from the time she left the sidewalk on the East side of Calhoun Street and started to cross the Highway, and that he could easily have checked the progress of the truck so as to allow her to pass in safety.

We reach these conclusions without reference to questions propounded in the briefs as to whether the plaintiff had the right-of-way or was walking on the Highway in violation of the South Carolina statutes when she was hit. § 46–433 of the South Carolina Code of 1952 gives a pedestrian the right-of-way at intersections in the absence of traffic control signals when the pedestrian is crossing the roadway within a crosswalk, and § 46–258 defines a crosswalk as the part of the roadway within the connections (extensions) of the lateral lines of the sidewalks on opposite sides of the highway. § 46–436 requires a pedestrian to use the sidewalks where they are provided and if none are provided to walk along a highway when practicable on the left side of the road facing traffic which may approach from the opposite direction.

██ The evidence indicates that the plaintiff crossed the highway in a normal fashion in order to reach her home. There was no sidewalk on the North side of the Highway immediately opposite the sidewalk on the East side of Calhoun Street. A store was located at the head of Calhoun Street and there was no sidewalk in front of the store or on either side thereof for a few feet. Nevertheless, the route which the plaintiff took was the shortest and safest way available. Had she crossed Calhoun Street to the West and then crossed the Highway to the North, she would have crossed two public thoroughfares each of which had twice the width of the Highway at the place which she actually used. It is true that when she was within two or three feet of the North edge of the paved space she turned her back to the approaching traffic instead of facing it. However, in view of the layout it is difficult to hold as a conclusion of law either that there was no defined crossway where she attempted to cross or that it was practicable for her to walk facing the oncoming traffic; but assuming that the decision should be against her on both points, the questions of contributory negligence on her part and the last clear chance on the part of the driver of the truck were sufficiently in doubt to justify their submission to the jury.

The judgment of the District Court will be reversed and the case will be remanded with directions to reinstate the verdict of the jury and enter judgment thereon.

Reversed and remanded.