G. P. TRIBBLE, Allen Harper and One 1953 White Tractor bearing 1954 Georgia License Plate A/H4892, Appellants,

v.

Nancy BRUIN, Appellee.

No. 8046.

United States Court of Appeals Fourth Circuit.

Argued April 20, 1960.

Decided May 30, 1960.

Joseph R. Young, Charleston, S. C. (Hagood, Rivers & Young, Charleston, S. C., on brief), for appellants.

W. Brantley Harvey, Beaufort, S. C. (Harvey & Harvey, Beaufort, S. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAMLEY,* Circuit Judges.

SOBELOFF, Chief Judge.

This appeal raises a procedural problem relating to the power of the District Court to act upon a motion for a new trial after this court issued its mandate in an earlier appeal.

The background of this protracted litigation may be briefly summarized. On the night of July 1, 1954, plaintiff, Nancy Bruin, was injured by a tractor-trailer while crossing a street intersection in Bluffton, South Carolina. She subsequently sued the owner of the trailer, G. P. Tribble, and its operator, Allen Harper, to recover actual and punitive damages. The case was tried in the District Court on January 30 and 31, 1956, and at the close of the testimony, the defendants moved for a directed verdict. Denying the motion, the District Judge submitted the case to the jury, which returned a verdict for the plaintiff in the amount of $1,380.85 actual damages and $1,000 punitive damages. Thereafter, defendants moved under Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for a judgment n. o. v. and, in the alternative, for a new trial. The plaintiff also moved for a new trial, on the ground that the verdict was inadequate.

The District Judge, thinking the plaintiff guilty of gross contributory negligence as a matter of law, granted defendants' motion for judgment n. o. v. He found it unnecessary to pass on defendants' alternative motion for a new trial. As to the plaintiff's motion for a new trial, the Judge later explained:

"* * * I did not rule upon plaintiff's motion for a new trial since I decided that the defendants were entitled to a judgment notwithstanding the verdict. I did feel and announce that if the plaintiff was entitled to a verdict, the verdict of the jury was inadequate in view of the serious injuries she received."

From the entry of the judgment against her, plaintiff appealed, assigning error to the District Court in holding her

* Sitting by designation of the Chief Justice.

guilty of gross contributory negligence as a matter of law. On the appeal, this court held, in an opinion filed on November 7, 1956, that the questions of contributory negligence and last clear chance were sufficiently in doubt to require their submission to the jury. The opinion concluded as follows:

> "The judgment of the District Court will be reversed and the case will be remanded with directions to reinstate the verdict of the jury and enter judgment thereon.

> "Reversed and Remanded." Bruin v. Tribble, 4 Cir., 1956, 238 F.2d 12, 14.

The mandate of the court, issued on December 10, 1956, declared:

> " * * * It is now here ordered and adjudged by this Court that the judgment of the said District Court appealed from, in this cause, be, and the same is hereby, reversed with costs; and that this cause be, and the same is hereby, remanded to the United States District Court for the Eastern District of South Carolina, at Charleston, with directions to reinstate the verdict of the jury and enter judgment thereon in accordance with the opinion of the Court filed herein."

Upon the filing of the mandate, plaintiff requested the District Court to rule on her motion for a new trial based on the ground of the inadequacy of the verdict. Several hearings took place before the District Judge, who held the matter under advisement. For reasons which are unexplained, the District Judge did not enter judgment in accordance with the mandate until August 1, 1959; he still had not passed on the question of a new trial. Subsequently, plaintiff renewed her motion for a new trial, and on November 30, 1959, the District Judge signed an order setting aside the judgment and granting plaintiff a new trial.

The defendant brings this appeal, contending that the District Judge lacked the power to grant a new trial, after our mandate, rightly or wrongly, instructed him to reinstate the jury verdict and enter judgment thereon.

■■ Initially, it should be observed that the District Judge ought to have ruled on the new trial motions when he granted the defendants' motion for judgment n. o. v. In the leading case of Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147, the Supreme Court held that if alternative motions are presented under Rule 50(b) for judgment n. o. v. and for a new trial, the District Judge should rule on the motion for judgment, and "[w]hatever his ruling thereon he should also rule on the motion for a new trial, indicating the grounds of his decision." 311 U.S. at page 253, 61 S.Ct. at page 195. Where, as here, in addition to alternative motions by the losing party there is also a motion for new trial by his adversary, the District Judge should pass on all the motions, stating the grounds for each decision. Such a practice not only conforms to the requirements laid down in Montgomery Ward & Co. v. Duncan, but is conducive to "the just, speedy, and inexpensive determination of every action." F.R.Civ.P., Rule 1.

■ We note further that when our opinion was filed, with its direction to reinstate the jury verdict, plaintiff's proper course was to petition this court for a rehearing or modification of the mandate on the ground that the new trial motion, based on insufficiency of damages, had not been acted upon below or considered by us, and should not be precluded. Rule 19, Rules of the United States Court of Appeals for the Fourth Circuit, 28 U.S.C.A. Strictly speaking, plaintiff's motion for a new trial was not timely when renewed in the District Court after judgment was entered. F.R. Civ.P., Rule 59(b). Nevertheless, in the interests of justice, we will consider the renewed motion as one seeking relief under Rule 60. See United States v. Wissahickon Tool Works, Inc., 2 Cir., 1952, 200 F.2d 936; In re Marachowsky Stores Co., 7 Cir., 1951, 188 F.2d 686;

6 Moore's Federal Practice, p. 3719 (2nd ed.) and cases cited therein.

■ Ordinarily, a District Court may relieve a party from a final judgment or order under Rule 60(b) (6) for any reason justifying relief other than those specifically stated in Rule 60(b) (1) through (b) (5). As stated in Klapprott v. United States, 1948, 335 U.S. 601, 614, 69 S.Ct. 384, 390, 93 L.Ed. 266,

> "In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."

However, where the District Court is asked to take action which would be inconsistent with the mandate of the Court of Appeals, it has generally been held that the District Court lacks the power to proceed unless and until leave is granted by the appropriate Court of Appeals. Butcher & Sherrerd v. Welsh, 3 Cir., 1953, 206 F.2d 259, certiorari denied 1954, Alker v. Butcher & Sherrerd, 346 U.S. 925, 74 S.Ct. 312, 98 L.Ed. 418; Home Indemnity Co. of New York v. O'Brien, 6 Cir., 1940, 112 F.2d 387; 7 Moore's Federal Practice, pp. 339–340 (2nd ed.) and cases cited therein; cf. Colgate-Palmolive Company v. Carter Products, 4 Cir., 1957, 243 F.2d 163.

The Advisory Committee on Rules for Civil Procedure, in its 1955 Report, proposed the addition to Rule 60(b) of the following sentence expressly negating any requirement of appellate leave:

> "Such motion does not require leave from an appellate court, though the judgment has been affirmed or settled upon appeal to that Court."

The Committee Note characterized the requirement of leave from the appellate court as a "useless and delaying formalism" and a "barren requirement." The Supreme Court has taken no action. This proposal has been criticized by Professor Moore as follows:

> "If an application to the appellate court is required, as in the past, the appellate court can screen out attacks that are clearly without merit. This usually does not require an elaborate record. If a prima facie case of merit is made out, the appellate court then grants leave, and the full hearing and record is made in the district court. We believe that the present practice does not impose barren requirements, nor unwarranted hurdles since the moving party is seeking relief from a final judgment after the case has been before at least one appellate court. The Committee's proposed amendment, we believe, unnecessarily undermines the finality of judgments." 7 Moore's Federal Practice, Para. 60.-30[2], N. 25 at p. 341 (2nd ed.).

Being in accord with Professor Moore's view, we hold that, in the instant case, the District Judge was powerless to act on plaintiff's motion after our opinion and mandate, without leave from this court to do so. However, since the plaintiff's motion has now been brought to our attention on this appeal, we treat this proceeding as one in which our leave is sought for the District Court to consider the motion.

■ Turning, therefore, to the merits of the question, the District Judge, as already mentioned, should have ruled on plaintiff's new trial motion when he granted defendants' motion for judgment n. o. v. On the first appeal, only one question was argued before us, stated in plaintiff's brief as follows:

> "Did the trial judge err in holding and ruling that the plaintiff was guilty of contributory willfulness as a matter of law and granting defendants' motion for judgment notwithstanding the verdict?"

Though the plaintiff's motion for a new trial was mentioned incidentally in the statement of the case and in the conclusion of the plaintiff's brief, no point or controversy was presented in respect to this. It cannot be seriously questioned

that our court did not advert to the motion or intend to pass on its merits. If it had been drawn to our notice, we would certainly have remanded the case to the District Judge so that he might rule upon the motion. Furthermore, if the plaintiff had filed a timely petition for a rehearing or modification of the mandate, as above suggested, we would no doubt have decided that action by the District Court upon her motion, which was not passed upon below or considered by us, should not be foreclosed. However, the failure of the mandate to reserve the motion was not called to our attention until now. Instead, the plaintiff renewed her motion in the District Court, where a ruling was delayed, for one reason or another, for almost three years. In these circumstances, we hold that plaintiff's motion is entitled to consideration by the District Court under Rule 60(b) (6). The rule, as we have seen, is broad enough to allow a judgment to be vacated "to accomplish justice."

In summary, while the District Court was powerless to pass on plaintiff's motion without leave from this court, we now decide that the motion warranted the District Court's consideration, and a grant of leave by us is appropriate.

We might therefore remand the case to the District Judge so that he could rule on the motion, yet we hesitate unnecessarily to prolong this already extended litigation. On two occasions, once informally after the trial and again in the order appealed from, the District Court has determined that the plaintiff is entitled to a new trial because the jury verdict was inadequate to compensate her for the serious injuries sustained. The District Court has doubtless weighed all the relevant considerations before entering its order of November 30, 1959. In the circumstances, instead of remanding with leave to take the action already deliberately taken, we affirm that order.

Order vacating judgment and granting new trial affirmed and case remanded for further proceedings.