Keitt SMITH, Appellant,

v.

Jettie I. BIGGS, Administratrix of the Estate of Lee Vester Biggs, Deceased, Appellee.

No. 6969.

United States Court of Appeals Fourth Circuit.

Argued May 24, 1955.

Decided June 17, 1955.

L. W. Perrin, Jr., Spartanburg, S. C. (Edward P. Perrin and Perrin & Perrin, Spartanburg, S. C., on brief), for appellant.

William S. Sandifer, Spartanburg, S. C. (H. C. Bean and Carlisle, Brown & Carlisle, Spartanburg, S. C., on brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and HUTCHESON, District Judge.

DOBIE, Circuit Judge.

Jettie I. Biggs, as administratrix of the estate of Lee Vester Biggs, deceased, brought, in the United States District Court for the Western District of South Carolina, a civil action against Keitt Smith, seeking damages for the death of Lee Vester Biggs. The case was tried by the United States District Judge, without a jury. Timely motions by Smith, the defendant, for involuntary dismissal and for directed verdict were denied. The Trial Judge ordered judgment for Biggs in the sum of $25,000.00, actual damages. Defendant, Keitt Smith, has duly appealed to us.

The accident involved in this action occurred on U. S. Highway No. 29, now U. S. Highway No. 29–A, approximately a mile and a half West of the city limits of Spartanburg, South Carolina, on November 18, 1953, during the hours of darkness, at approximately 7:22 P. M. This highway is, and was at the time of the accident, a heavily travelled United States main highway; and traffic was especially heavy between 5:30 P. M. and 7:-30 P. M. The accident was not at a crosswalk or intersection.

The highway consists of two roadways, the North roadway for Westbound traffic (Spartanburg to Greenville, South Carolina), the South roadway for Eastbound traffic (Greenville to Spartanburg). The two roadways are divided by a grass strip approximately the width of each roadway. Each roadway is marked for one-way traffic and is of white concrete.

At the time of the accident, Smith was driving from Spartanburg to Greenville on the roadway for Westbound traffic. Shortly after leaving the city limits of Spartanburg, and approximately seven-tenths of a mile from the scene of the accident, he passed an automobile proceeding in the same direction, by driving to the left side of the roadway. As he approached the point of impact with Lee Biggs, Smith was on the left side of the roadway. Traffic was approaching from the opposite direction in the roadway for Eastbound traffic. Smith had his lights on depressed beam. As he approached the point of impact, his vision was somewhat hampered by the headlights of traffic approaching on the South roadway. As the point of impact was reached, Smith was still on the left side of the roadway near the grass strip but he was commencing to turn his car toward the right side of the roadway, and at the point of impact he was looking ahead, paying particular attention to that portion of the road toward which he was turning.

There was a sudden blow on the left side of his car. He slowed down, turned around and drove back up the grass strip dividing the two roadways. He found Lee Biggs lying in the grass strip. This was the first time Smith had seen Lee Biggs. Smith, who is a physician, immediately examined Lee Biggs and found him to be dead. At the time of the accident, Lee Biggs was dressed in dark clothing and was wearing a dark hat.

The judgment below must be reversed, since we must find that Lee Biggs was guilty of contributory negligence as a matter of law. Since, as we have indicated, Smith did not see Lee Biggs at the time of impact and Lee Biggs is dead, there was no eyewitness testimony as to the conduct or movements of Lee Biggs just before the fatal accident. Certain facts, however do stand out crystal clear. On these facts, we base our decision.

For more than a quarter of a mile East of the point of impact, the road was straight and clear, with no obstructions

to the view. The road is a heavily travelled main highway, and the accident did not occur at a cross-walk or intersection. Lee Biggs was wearing dark clothing and a dark hat, which rendered it more difficult for him to be seen by motorists. The lights of the Smith car were on, though dimmed. Shortly before the accident, Arthur Wood, a motorist in the South roadway, saw a man in dark clothes and wearing a dark hat, walking in the South roadway, with his hand in his pocket and his head down. Probably this was Lee Biggs.

Obviously, Lee Biggs, whether crossing the road or walking along the road, owed a duty to look. If he failed to look, he was clearly guilty of contributory negligence. If he looked, he could not have failed to see the lights of Smith's approaching car. In either case, Lee Biggs' administratrix is on the horns of a painful dilemma. And, of course, if Lee Biggs saw the rapidly approaching car, yet walked out on the road right into the car, his conduct was even more reckless, with an utter disregard for his own safety; for, had he seen the lights of the car, in almost a split second, he could have regained the grass strip where he would have been perfectly safe. It must be remembered that Lee Biggs was struck by the left side of the Smith car, travelling on the left-hand side of the road and the body was found on the grass strip. Necessarily, the lights of the car were more readily visible to the pedestrian than was the darkly clad pedestrian to the motorist.

Said Justice Stukes in Wright v. South Carolina Power Co., 205 S.C. 327, 31 S.E. 2d 904, 905:

"The plaintiff produced testimony that there was no parked automobile from behind which his intestate ran or walked into the street, and that there was no obstruction which would prevent the bus driver from seeing her. By the same token there was no hinderance to her view of the bus, and, of course, its bulk, being about thirty feet long, was much easier for the pedestrian to see than it was for the driver to see this pedestrian. * * * the conclusion is inescapable that the decedent was guilty of contributory negligence."

To like effect, Chief Justice Hudgins stated in Manhattan for Hire Car Corporation v. Williams, 191 Va. 489, 62 S.E.2d 10, 12:

"* * * a pedestrian, for his own protection, is required to exercise a greater degree of vigilance when he crosses a street between intersections than he is required to exercise when crossing at intersections. The operator of a motor vehicle is required to exercise a greater degree of vigilance at a crossing than he is required to exercise between intersections. There was no intervening vehicle to obstruct plaintiff's view of the approaching taxicab. He either did not look to the east, or, if he looked, he did so in such a careless and negligent manner that he failed to see what was obvious. In either event he was guilty of negligence as a matter of law."

In Saindon v. Lucero, 10 Cir., 187 F.2d 345, 347, Circuit Judge Pickett pointed out:

"A pedestrian at night is in a position to see oncoming automobiles at a great distance. The drivers of the automobiles may see him only within the range of their lights, but the ability of drivers to observe a pedestrian even within the range of their lights may be affected by such conditions as lights from other automobiles and the color of clothing worn by a pedestrian which blends into the color of the pavement."

See, also, Lang v. Rogney, 8 Cir., 201 F. 2d 88; F. W. Woolworth Co. v. Davis, 10 Cir., 41 F.2d 342, 347; Armbruster v. Gray, 225 Iowa 1226, 282 N.W. 342; Hooker v. Hancock, 188 Va. 345, 49 S.E. 2d 711; Jenkins v. Johnson, 186 Va. 191, 42 S.E.2d 319.

Cf. the following cases, all decided by our Court, all involving automobile accidents, and in every case the plaintiff was held to have been guilty of contributory negligence as a matter of law: New York Central Railway Co. v. Casto, 4 Cir., 216 F.2d 604; Quate v. Chappell, 4 Cir., 213 F.2d 76; Hall v. McKinney, 4 Cir., 211 F.2d 874; Taska v. Wolfe, 4 Cir., 208 F. 2d 705; Atlantic Coast Line Railway Co. v. Glenn, 4 Cir., 198 F.2d 232.

Since we are reversing the judgment below, it is unnecessary for us to pass on the contention of Smith (appellant) that the amount of damages, $25,000.00, was grossly excessive.

The judgment of the District Court is reversed and the case is remanded to that Court with instructions to enter judgment in favor of the defendant Smith.

Reversed.