18155

DUDLEY TRUCKING COMPANY, Respondent, v. John D. HOLLINGSWORTH, d/b/a J. D. Hollingsworth Machine Shop, Appellant.

(134 S. E. (2d) 399)

440

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,*

*Messrs, Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Respondent,*

January 14, 1964.

LEWIS, Justice.

A truck tractor and trailer of the plaintiff was damaged when it collided with the rear of a tractor and trailer unit of the defendant. This action was brought by the plaintiff to recover only the actual damages sustained, alleging that the collision was caused by the negligent and reckless act of the driver of the defendant's vehicle. The plaintiff was awarded judgment and, from the refusal of the lower court to grant the motions of the defendant for judgment *non obstante*

*veredicto,* and in the alternative for a new trial, the defendant has appealed

. Under the motion for judgment *non obstante veredicto,* error is charged in the refusal of defendant's timely motion for a directed verdict, which was made upon the grounds that the plaintiff failed to prove any act of negligence on the part of the defendant, or his agents; and, if so, the only reasonable inference to be drawn from the testimony was that the driver of the plaintiff's truck was guilty of contributory negligence so as to bar the plaintiff of recovery. The alternative motion for a new trial was based upon alleged errors in the charge to the jury. Our first inquiry is to determine whether the trial judge was correct in holding that the testimony, viewed in the light most favorable to the plaintiff, presented factual issues for the jury to decide.

The collision in question occurred on U. S. Highway No. 29, between Anderson and Greenville, South Carolina, about 4:00 o'clock A. M., on September 25, 1960, when the plaintiff's tractor and trailer unit struck the rear of the defendant's tractor and trailer which had been stopped partly on and partly off of the paved portion of the road. Highway No. 29 is a four lane road, consisting of two roadways, separated by a median strip. Each roadway is twenty-four feet in width, providing for two lanes of traffic in each direction, that is, two lanes for traffic proceeding in a southerly direction towards Anderson and two lanes for traffic proceeding in a northerly direction towards Greenville. The collision occurred on the roadway for north bound traffic from Anderson to Greenville.

. It appears that on the morning of the accident a truck of the defendant was proceeding from Anderson toward Greenville on Highway No. 29 when, about three-fourths of a mile from the point of the collision, the motor began to give trouble, trying to "cut off" as if it was not getting enough gas. While this truck was proceeding slowly because of the engine trouble, another truck of the defendant passed. Recognizing

the passing truck as belong to the defendant, the driver of the disabled unit signalled for it to stop. The driver of the second truck, heeding the signal, passed and stopped in front of the disabled unit. It is inferable from the testimony that the lead truck stopped on the pavement in the right hand lane of traffic, and that the disabled unit came to a stop about 20 to 25 feet behind the front truck, at an angle, with the front wheels off and the rear wheels on the pavement, partially blocking the same lane of traffic. The disabled unit was 8 feet in width and the shoulder of the highway as that point was 10 to 12 feet wide. The truck of the plaintiff was proceeding in the same direction as the trucks of the defendant and came upon them as they were so stopped on the highway.

The driver of the plaintiff's truck testified that he was travelling along the highway on the morning in question at a speed of 40 to 45 miles per hour when he observed the lights on a truck some distance ahead of him. He was overtaking the lighted vehicle and started to turn to the left to pass it. There was an oncoming car in the southbound lane and plaintiff's driver dimmed his lights. Just as he began to turn to the left to pass, he suddenly saw an unlighted vehicle which was stopped to the rear of the lighted one and partially blocking the right hand lane of travel. He was then too close to the unlighted truck to miss it. The right front of the plaintiff's truck struck the left rear of the defendant's disabled unit which in turn hit the front truck.

While the record does not disclose exactly how long the defendant's trucks had been stopped on the highway before the collision, it is inferable that they had stopped for sufficient time to have permitted the placing of flares or other warning signals upon the highway but none were in place.

The testimony gives rise to a reasonable inference the defendant's truck was driven for about three-fourths of a mile after it became apparent that the motor was about to "cut off," and was stopped on the traveled portion of the highway in violation of Section 46-481 of

the 1962 Code of laws, which makes it unlawful to stop, park or leave standing any vehicle upon a main traveled part of the highway when it is practicable to stop or park such vehicle off the highway. There was also testimony that the defendant's disabled truck was stopped on the highway in the nighttime without lights as required by Section 46-539 of the 1962 Code of Law, and without displaying the warning devices required by Section 46-624 of the 1962 Code of Laws. It is elementary that the violation of a statute is negligence *per se* and, under the foregoing circumstances, the issue of liability for such negligence was for the jury to determine. *Ayers v. Atlantic Greyhound Corp., et al.,* 208 S. C. 267, 37 S. E. (2d) 737.

Violation of the foregoing statutes would not only constitute actionable negligence but, under the circumstances, was some evidence of reckless conduct on the part of the employees of the defendant. *Field v. Gregory, et al.,* 230 S. C. 39, 94 S. E. (2d) 15; *Jeffers v. Hardeman,* 231 S. C. 578, 99 S. E. (2d) 402.

The testimony also presented a jury issue as to the defense of contributory negligence. It is inferable that the stopping of defendant's trucks on the highway, one lighted and the other unlighted, with the unlighted truck to the rear of the lighted one, created a deceptive situation and obscured the view of the unlighted truck. While there is testimony from which it might be inferred that the driver of the plaintiff truck failed to keep a proper look out and was driving at an excessive speed, there is also testimony from which it is reasonably inferable that the driver of the plaintiff's vehicle was proceeding along the highway in a lawful manner, saw the lighted truck of the defendant, dimmed his lights for an oncoming car in the southbound roadway, attempted to pass the lighted truck and, as he was attempting to pass, struck the unlighted unit, the presence of which could not be detected until he was too close to avoid the collision.

However, assuming that the driver of plaintiffs truck failed to exercise due care, the evidence was susceptible of the inference that any such failure amounted to only simple negligence, which would require submission of the issue of contributory negligence to the jury for determination in view of the evidence as to recklessness on the part of the employees of the defendant. This is in accord with the settled rule that contributory negligence is not a defense when the injury complained of is shown to have been wilfully or recklessly done. *Marks v. I. M. Pearlstine & Sons,* 203 S. C. 318, 26 S. E. (2d) 835.

The remaining questions relate to the alleged errors in the charge to the jury.

The defendant charges error in the failure of the trial judge to instruct the jury as to the legal principles applicable to the defense of contributory negligence. At the conclusion of the charge, the trial judge temporarily excused the jury and gave counsel the opportunity to express objections to the charge or request additional instructions, as required by Section 10-1210 of the 1962 Code of Laws. Counsel for the defendant did not mention the omission now complained of and made no objection or request in this respect.

The defendant recognizes the general rule in this State that the failure to object to a charge, when opportunity is afforded to do so, renders questions concerning it unavailable on appeal, *Johnson v. Williams,* 238 S. C. 623, 121 S. E. (2d) 223; but argues that the rule does not apply to a situation where, as here, the trial judge failed to instruct the jury upon a material issue in the case. The decisions of this Court do not sustain the defendant's posiion. The duty rested upon counsel to call to the attention of the court the omission now complained of, and the failure to do so constituted a waiver thereof. *Honour v. Southern Public Utilities Co.,* 110 S. C. 163, 96 S. E. 250; *Jeffords v. Florence County,* 165 S. C. 15, 162 S. E. 574; *G. A. C. Finance Corporation v. Citizens & Southern National Bank,* 234 S. C. 205, 107 S. E. (2d) 215.

Finally, it is the contention of the defendant that the trial judge erred in charging certain written requests submitted by the plaintiff. The challenged instructions are as follows:

1. "The driver of a vehicle that gives evidence of motor trouble is under a duty to drive said vehicle off the main traveled portion of the highway if it is possible to do so and it can be reasonably anticipated that the vehicle is about to become disabled."

2. "I further charge that the burden of proving the necessity or excuse for stopping on the main traveled portion of the highway or the practicability of moving off such portion of the highway is on the individual making such a stop."

The defendant argues that the foregoing instructions constituted a charge on the facts. We think that both were proper in this case.

The first instruction related to the duties imposed on a motorist in stopping a vehicle upon a highway, as prescribed by Section 46-481 of the 1962 Code of Laws. That section, after making it unlawful to stop a vehicle on the traveled portion of a highway when it is practicable to stop off such part of the roadway, provides that the provisions thereof "shall not apply to the driver of any vehicle which is disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position." It is apparent that this provision exempts the driver of a disabled vehicle from the prohibition against stopping on the main traveled portion of the highway only when the vehicle is disabled in such manner and to such extent that it is impossible to avoid making such stop. It was an issue under the testimony as to whether the driver of the defendant's truck could have stopped it off the traveled portion of the highway. This instruction related to the foregoing issue and was a proper statement of the applicable legal principles.

The second instruction related to the burden of proof in establishing the practicability of stopping the disabled vehicle off the highway. It was applicable to the issues and was evidently copied from the decisions of this Court. *Ayers v. Atlantic Greyhound Corporation, et al., supra,* 208 S. C. 267, 37 S. E. (2d) 737; *Howey v. Jordan's Inc., et al.,* 223 S. C. 71, 74 S. E. (2d) 216.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.