A proper order will be signed upon presentation.

---

**Carleton GREENWOOD, Plaintiff,**

v.

**ANDERSON TRUCK LINES, INCORPORATED, Defendant.**

**Carleton GREENWOOD, as Administrator of the Estate of Marie T. Greenwood, Deceased, Plaintiff,**

v.

**ANDERSON TRUCK LINES, INCORPORATED, Defendant.**

**Civ. A. Nos. 7505, 7506.**

United States District Court
E. D. South Carolina,
Charleston Division.

Dec. 3, 1964.

Smoak & Smoak, Walterboro, S. C., for plaintiff.

Gibbs & Gibbs, Charleston, S. C., for defendant.

HEMPHILL, Chief Judge.

The above actions, consolidated for trial, came on to be heard before this Court, with a jury, at the October Term of Civil Court of the United States District Court for the Eastern District of South Carolina, Charleston Division. Issues in each case were submitted to a jury which rendered verdicts for plaintiff Carleton Greenwood against defendant for Forty Thousand Forty One and Thirty-Nine one-hundredths ($40,041.-39) Dollars, actual damages and for plaintiff Carleton Greenwood, administrator of the Estate of Marie T. Greenwood for Fifteen Thousand ($15,000.00) Dollars actual damages. On the day

the verdicts were rendered, October 23, 1964, defendant made a motion for a new trial:

"PLEASE TAKE NOTICE, That the defendant above named in each of these actions will move before The Honorable Robert W. Hemphill, United States District Judge, at 10:00 A.M. on Monday, November 16, 1964, in the United States District Court at Charleston, S. C., or as soon thereafter as counsel can be heard, for Judgments Notwithstanding the Verdicts in accordance with the Defendant's Motions for Directed Verdicts made at the trial of these actions and, in the alternative, for New Trial of said actions on the grounds that:

"(1) The verdicts for the plaintiffs are against the greater weight or preponderance of the evidence;

(2) The Court erred in declining to charge Defendant's Request to Charge No. 9, to the effect that the speed of the defendant's truck had no proximate causal relationship to the accident;

(3) The verdicts returned by the jury are grossly excessive in the light of the plaintiffs' testimony and evidence as to injuries and damages, are not supported by such testimony and evidence, and are so shockingly excessive as to warrant the conclusion that the jury was moved by passion, prejudice and other improper considerations in finding said verdicts."

Arguments were heard later and supporting briefs filed with the Court.

■ As to the first grounds of the Motion, the Court finds an abundance of evidence upon which the verdicts could be based.

At the conclusion of the testimony and arguments defendant asked, among other requests, that the Court charge the jury:

"I CHARGE YOU, That even though there is evidence in this case from which you might conclude that the defendant's truck was being operated in excess of the speed limit, I charge you as a matter of law that the accident involved in this case was not proximately caused by excessive speed, and that you should give no weight in your deliberations to the evidence as to excessive speed on the part of the defendant's truck."

Such charge was refused by the Court. No objection was made to the charge otherwise.

Defendant's truck driver testified he was driving at or near 50 miles an hour at and before the time and place of the collision, it being uncontradicted that the posted speed limit was 35 miles per hour. Under the authority of Hiott v. Bishop, S.C., 137 S.E.2d 780, 784, the Court felt that the jury could consider whether speed was a factor. Several of the specifications of negligence alleged speed, or failure to control speed, as a proximate cause of the collision.

In the Hiott case, supra, the Court said:

"From the time Ramsey left Walterboro until he reached the vicinity of the accident, the only improper conduct on his part, either complained of by the plaintiff or reflected by the evidence, was the fact that plaintiff evidently thought Ramsey was driving too fast for conditions. In the course of his complaints to Ramsey plaintiff referred to Sunday afternoon traffic as being heavy. Other than plaintiff's complaint to Ramsey, the record does not reflect anything about the actual traffic conditions. The weather was clear and dry. Exceeding the prima facie speed limit of 55 miles per hour is not negligence per se, Code Section 26–7, and whether or not one is negligent in so doing depends upon all of the attendant circumstances. Assuming that any delict or delicts on the part of Ramsey contributed as a proximate cause to the unfortunate accident, it does not necessarily fol-

low that his rate of speed, the only thing complained about by the plaintiff, was such a causative factor. In view of the conduct of the defendant as disclosed by the evidence, the evidence is clearly susceptible of the inference that the accident may very well have happened anyway, had Ramsey been traveling at a much lesser speed. In view of all of the circumstances, we think the judge properly submitted to the jury the issue of whether or not the plaintiff was guilty of any negligence, recklessness or willfulness, which contributed as a proximate cause to the accident and his resulting injuries."

Distinguishable is Dean v. Cole, 326 F. 2d 907 (4th Cir. 1964) where the appelate Court found no evidence of speed upon which the plaintiff could rely.

■ It was for the jury to say whether defendant, had the speed been within limits, been able to avoid the collision.

■ This Court is reluctant to disturb the action or verdict of the jury. Williams v. Nichols, 266 F.2d 389 (4th Cir. 1959). It is mindful of the discretion, the responsibility, of the Court, on the question of the sufficiency, insufficiency, or excess of a jury's verdict. See Bowers v. Charleston & W. C. Ry. Co., 210 S.C. 367, 42 S.E.2d 705.

■ Upon consideration of all the proof and circumstances incident to these cases, the Court feels that the verdicts are excessive.

Plaintiff shall remit, on the record, in the case of Carleton Greenwood, Administrator, etc. versus Anderson Truck Lines, Inc., the sum of Five Thousand ($5,000.00) Dollars, leaving in force and effect a verdict and judgment for plaintiff the sum of Ten Thousand ($10,-000.00) Dollars. Unless plaintiff shall so remit, within ten days of the filing of this Order, the verdict and judgment shall be set aside and a New Trial ordered. If plaintiff shall remit, a New Trial is refused.

Plaintiff shall remit, on the record, in the case of Carleton Greenwood versus

Anderson Truck Lines, Inc., the sum of Ten Thousand ($10,000.00) Dollars, leaving in force and effect a verdict and judgment for plaintiff the sum of Thirty Thousand Forty-One and 39/100 ($30,041.-39) Dollars. Unless plaintiff shall remit, within ten days of the filing of this Order, the verdict and judgment shall be set aside and a new trial ordered. If plaintiff shall remit, a new trial is refused.

And it is so ordered.