**Thurmond PRICE, Appellant,**

v.

**Norwood LOWMAN, Jr., Appellee.**

**No. 10737.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 11, 1967.

Decided Feb. 10, 1967.

Luther M. Lee, Columbia, S. C. (Gary Paschal and Dallas D. Ball, Columbia, S. C., on brief, for appellant.

J. Edwin Belser, Jr., Columbia, S. C., for appellee.

Before BOREMAN and WINTER, Circuit Judges, and KAUFMAN, District Judge.

BOREMAN, Circuit Judge.

Thurmond Price (hereafter Price or plaintiff) sued Norwood Lowman and International Business Machines Corporation in a South Carolina state court for injuries suffered when he was struck by Lowman's automobile on October 11, 1963. Based on diversity of citizenship the action was removed by the defendants to the federal district court, at Columbia, South Carolina. Summary judgment was granted in favor of the defendant corporation and plaintiff proceeded solely against Lowman (hereafter Lowman or defendant). The case came on for trial before a jury, and at the close of Lowman's case the court directed a

verdict in his favor, judgment subsequently being entered. On appeal the plaintiff asserts that it was error for the District Court to find as a matter of law that there was no evidence of Lowman's negligence and that it was error to hold plaintiff guilty of contributory negligence as a matter of law. Furthermore, plaintiff contends that there was evidence of Lowman's willful, wanton and reckless misconduct to which simple contributory negligence of the plaintiff would not constitute a defense to defendant's liability. We reverse and remand for a new trial.

The evidence developed at the trial is briefly summarized. Price was an employee of Western Union at Columbia and was sixty-five years of age, approaching his sixty-sixth birthday. On October 11, 1963, he was traveling in a light truck of his employer on U. S. Highway 321 from Orangeburg, South Carolina, to Columbia, South Carolina. The portion of U. S. 321 involved herein is a four-lane highway running in a north-south direction with a small median dividing the northbound and southbound lanes. Each lane is twelve feet wide, the median is three feet wide, and on either side there is a bituminous shoulder. Plaintiff was familiar with this highway, having traveled it many times, and was using it for the second time that day. He was proceeding north toward Columbia. Shortly after 7:00 P.M. as it was growing dark he stopped just within the limits of Cayce, South Carolina, and parked his vehicle on the shoulder on the east side of the road, some thirty-five yards north of the Congaree Kitchen, a restaurant located across the highway on the west side. He intended to cross the highway to the Congaree Kitchen for food. Plaintiff looked both ways and then walked from his truck diagonally and in a southwesterly direction toward the restaurant. Having crossed the two northbound lanes, he stopped at the median, again looked for highway traffic and, seeing no approaching vehicle, proceeded to cross the southbound lanes, continuing along the same diagonal course, when he was struck by a 1963 Comet automobile owned and driven by defendant. Lowman's wife was sitting in the front seat beside her husband and in the rear seat were Lowman's mother-in-law, Mrs. Swygert, his sister-in-law, Martha Wright, and the Lowman's infant son.[1] The left front fender and headlight struck Price on the right posterior portion of his body and he sustained very severe injuries.

Defendant and his wife testified that at the time they started their trip—several minutes before the accident—and at the time of the accident the automobile headlights were on. Defendant thought the lights were on low beam. Plaintiff testified that after he reached the median he stopped and looked for traffic but saw no cars with lights. It is to be noted that north of the point of accident southbound traffic travels over a curve and an upward slope in the highway and over the crest of the rise before descending to the area in front of the Congaree Kitchen.

Fred Spires, the deputy police chief of Cayce, stated that he arrived on the scene only minutes after the accident and at that time the Lowman vehicle was parked on the shoulder of the road and its lights were not on. However, the Lowmans testified that Spires did not arrive until after plaintiff had been taken to the hospital in an ambulance.

Defendant testified that he did not see Price until the car was three or four feet from him; Mrs. Lowman testified to the same effect. Mrs. Swygert and Martha Wright stated that they did not see plaintiff until the moment of impact. Lowman and his wife indicated that when they first saw plaintiff he was standing in the middle of the southbound portion of the highway on the white line

---

1. The Lowmans lived near the highway a distance of approximately 350 yards north of the point of the accident. Mrs. Swygert and Martha Wright had eaten their evening meal with the Lowmans and the defendant was in the act of taking the guests to their homes.

dividing the southbound lanes and preparing to step into the right or outside lane. Plaintiff's testimony on this point was in conflict with that of the Lowmans. He stated that he was struck as he stepped from the median into the fast or inside southbound lane of traffic.

The District Court concluded that there was really no dispute as to the fact that the lights of the Lowman car were on; that plaintiff was contributorily negligent as a matter of law and that a verdict in favor of the defendant should be directed.

■■■ The question to be determined upon review of the District Court's action in directing a verdict for the defendant and taking the case from the jury is whether or not there existed a material issue of fact. In deciding this question the party against whom the motion for directed verdict is made is entitled to the benefit of every inference that reasonably may be drawn in his favor. Richmond Television Corp. v. United States, 354 F.2d 410, 414 (4 Cir. 1965). In the instant case Price stated that he stopped and looked but saw no cars with lights. Lowman, his wife and his sister-in-law testified that the lights were on. A jury might find that plaintiff's theory of the case is corroborated in some measure by the testimony of Lowman and the other occupants of the car that they did not see Price until almost the exact moment of impact. From all of the evidence the reasonable inference might be drawn that Lowman's lights were not on. Thus, an issue of fact would be created which is within the province of the jury to decide.

Defendant urges that several cases cited by him sustain his position. However, these authorities are factually distinguishable from the instant case. In Carma v. Swindler, 228 S.C. 550, 91 S.E. 2d 254 (1956), the court granted a nonsuit in favor of a defendant whose vehicle struck the plaintiff, who was attempting to cross a highway. There was evidence in that case to show that the car was obvious to anyone who looked because plaintiff's daughter, also crossing the highway, saw the oncoming car and avoided it. In Hopkins v. Reynolds, 243 S.C. 568, 135 S.E.2d 75 (1964), the court reversed a jury verdict for a plaintiff who was struck by an automobile as she crossed a highway to get to her mailbox. The court said that the plaintiff could have avoided the accident by stopping, "yet, after the car could have been seen, she continued to walk from a place of safety into the oncoming vehicle." 243 S.C. at 574, 135 S.E.2d at 77. The crucial fact which distinguishes Hopkins v. Reynolds from the instant case is that in the former case the accident occurred at 4:00 P.M., while there was still daylight and it was found the weather did not affect visibility. Price was struck sometime after 7:00 P.M. in the month of October under conditions which required that motor vehicles being operated upon the highways should have headlights on. In Dean v. Cole, 326 F.2d 907 (4 Cir. 1964), also relied upon by Lowman, this court held that a verdict for plaintiff who "got into the highway at a time when vehicles were approaching from both directions, *their headlights clearly visible,* and traveling at considerable speed," was improper because of the plaintiff's contributory negligence as a matter of law. Id. at 909. (Emphasis supplied.) However, the instant case is easily distinguishable from Dean v. Cole because here there exists a factual dispute as to whether Lowman's headlights were on while in that case they were "clearly visible." Smith v. Biggs, 223 F. 2d 839 (4 Cir. 1955), is likewise distinguishable because it was established that the defendant's lights were on and the deceased, had he looked, would have seen them.

■ Lowman argues that a pedestrian crossing a highway must yield the right of way to vehicular traffic and Price's failure to do so renders him guilty of contributory negligence. This argument was answered squarely in Johnson v. Finney, 246 S.C. 366, 143 S.E.2d 722 (1965), in which the Supreme Court of South Carolina said "the fact that a mo-

torist, by statute, has the right of way over a pedestrian crossing a highway, does not relieve him of the duty to use reasonable care for the safety of such pedestrian, even though the statute requires a pedestrian on the highway to yield the right of way to the motorist." 246 S.C. at 375, 143 S.E.2d 727.

At the time of the accident §§ 46–361 and 46–521 of the Code of Laws of South Carolina, as reproduced in the margin,[2] were in effect.

■■ In South Carolina simple contributory negligence is not a defense and would not bar plaintiff's recovery if the defendant should be found guilty of willfulness, wantonness and recklessness. Causative violation of an applicable statute constitutes actionable negligence and is evidence of recklessness, willfulness and wantonness. If a jury should find that the defendant, Lowman, was operating his automobile upon the highway without lights and without exercising such control as was necessary to avoid colliding with the plaintiff in compliance with his statutory duty to use due care, the jury would be warranted in concluding that Lowman was guilty of reckless, willful and wanton negligence. Of course, plaintiff was bound to exercise due care for his own safety under the circumstances but whether he did, or whether he was guilty of negligence and, if so, in what degree, if Lowman was guilty of more than simple negligence, are issues which should be submitted to the jury un-der proper instructions, as well as the ever-present issue of proximate cause. Authority for the foregoing principles is found in the cases cited below.[3]

Reversed and remanded for a new trial.

---

2. "§ 46–361. General rule.

"No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

"§ 46–521. When lighted lamps are required.

"Every vehicle upon a highway within this State at any time from a half hour after sunset to a half hour before sunrise and at any other time when there is not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of five hundred feet ahead shall display lighted lamps and illuminating devices as herein respectively required for different classes of vehicles, subject to exceptions with respect to parked vehicles as hereinafter stated."

3. Dudley Trucking Co. v. Hollingsworth, 243 S.C. 439, 134 S.E.2d 399 (1964); Field v. Gregory, 230 S.C. 39, 94 S.E.2d 15 (1956); Gillespie v. Ford, 225 S.C. 104, 81 S.E.2d 44 (1954); Morrow v. Evans, 223 S.C. 288, 75 S.E.2d 598 (1953); Spearman v. Couch, 218 S.C. 430, 63 S.E. 2d 161 (1951).