## 18638

Diview LLOYD, Appellant, v. Ezra LLOYD and
William R. SAVILLE, Respondents

(154 S. E. (2d) 428)

*Messrs. Law, Kirkland, Aaron & Alley,* of Columbia, *for appellant,*

*Messrs. Rogers, McDonald & Ross,* of Columbia, *for Respondent, Ezra Lloyd,*

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Respondent, William R. Saville,*

April 27, 1967.

Lewis, Justice.

The plaintiff is the wife of the defendant, Ezra Lloyd, and was injured when the automobile driven by him, and in which she was a passenger, collided with one driven by the defendant, William R. Saville. She brought this action against her husband and the defendant Saville to recover the damages sustained by her. Upon the trial of the case the jury returned a verdict for the defendants. The plaintiff's motion for a new trial was denied by the trial judge, and this appeal followed.

The plaintiff bases her appeal upon three exceptions which charge prejudicial error on the part of the trial court (1) in making frequent references in the instructions to the jury to the husband-wife relationship between plaintiff and the defendant Lloyd, (2) in frequently defining recklessness un-

der the Guest Statute (Section 46-801, 1962 Code of Laws) as the conscious failure to exercise due care, and (3) in failing to adequately instruct the jury to disregard the defense of contributory negligence after it had been eliminated as an issue in the case.

All of the exceptions relate to alleged errors in the instructions to the jury. Opportunity was afforded during the trial to enter objections to the charge and to request additional instructions, as required by Section 10-1210 of the 1962 Code of Laws. Although such opportunity was given, no objection or requests for additional instructions were made with respect to the alleged errors to which exception is now made. The failure to do so renders such questions concerning the charge unavailable on appeal. *Dudley Trucking Co. v. Hollingsworth,* 243 S. C. 439, 134 S. E. (2d) 399; *Irick v. Ulmer,* 246 S. C. 178, 143 S. E. (2d) 126.

Irrespective however, an examination of the record shows that the questions now sought to be raised by the exceptions are without merit.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.