**FIRST NATIONAL INSURANCE COMPANY OF AMERICA, Appellant,**

v.

**Stamper HARRIS, Appellee.**

Court of Appeals of Kentucky.

June 12, 1970.

Richard M. Trautwein, Rubin & Trautwein, Louisville, for appellant.

John L. Harbolt, Harry L. Hargadon, Jr., Hargadon, Hargadon, Lenihan & Harbolt, Louisville, for appellee.

REED, Judge.

Stamper Harris, the plaintiff-appellee, was awarded judgment pursuant to a jury verdict in the amount of $5,890.95 against the defendant-appellant, First National Insurance Company of America. Harris sustained personal injuries when struck by a hit-and-run driver. The liability of the defendant arises by reason of uninsured motorist coverage. The only evidence introduced by the defendant was the testimony of a doctor who attended Harris as a result of the injuries which he sustained. At the conclusion of all the evidence, the plaintiff moved for a directed verdict on the issue of liability as did the defendant. The trial court overruled both motions and instructed the jury on the issues of the unknown driver's negligence, the plaintiff's contributory negligence, and also instructed under the last clear chance doctrine. The defendant appeals and presents as its sole argument for reversal that prejudicial error was committed by the trial judge when he instructed the jury concerning the last clear chance doctrine. We find that the plaintiff was entitled to a directed verdict on the issue of liability and, therefore, the alleged error was not prejudicial. We affirm the judgment.

About 1:30 a. m. on Sunday, October 15, 1967, the plaintiff left his friends at a neighborhood bar to walk by means of a short cut through a schoolyard to his home some three blocks away. The bar is located on the west side of a suburban shopping center in Jefferson County. The shopping center is located on the south side of Southland Boulevard. Third Street intersects with Southland approximately 150 to 200 feet to 'the east. There are street lights, a traffic signal, and painted crosswalks at Third and Southland. Harris knew of the crosswalks but wished to take the closest way home. He walked north along the sidewalk on the west side of the shopping center to its ending point. He then attempted to cross Southland Boulevard at a point just opposite the sidewalk to the school. He almost crossed the boulevard; but when he got within 6 or 8 feet of the curb adjacent to the school sidewalk, something attracted his attention that was about 30 or 40 feet to his right, which would be to the east. He looked up and saw a dark object coming toward him. This dark object in the form of an automobile did not have its lights on, but, according to Harris, the lights were flicked on when the vehicle was only about 6 or 8 or 10 feet from him. He was immediately struck and recalled nothing further until he woke up in the hospital.

Two police officers who arrived at the scene sometime after the accident found Harris lying close to the center of the street in front of a barber shop which is located on the east side of the shopping center and is a substantial distance east of the place where Harris says he was struck. Two other police officers investigated the accident, one of whom found blood marks close to or across from the barber shop. There were no eyewitnesses to the accident other than Harris. There were no skid marks or debris present and the investigating officers were unable to make a determination as to the direction (west or east) of the vehicle at the time of the accident.

Although the defendant complains that the physical facts concerning where Harris was found contradict conclusively his testimony and destroy its probative value, we are not so persuaded. In the first place, there was a conflict in the evidence concerning the location where Harris

fell immediately after the accident. At least one witness stated he saw Harris on the west side of the alleged place of impact. The principal injury caused to Harris was the breaking of his ankle, and it is entirely possible that he crawled to the place where the first two officers found him and from which he was loaded into an ambulance.

The crucial facts are uncontradicted. They are: (a) Harris was struck by a motorist who failed to stop or render aid, and (b) prior to the impact the motor vehicle was operated by the hit-and-run driver in direct violation of statutory requirement—it was being driven without lights which were finally flicked on when the vehicle was only some 6 or 8 feet from Harris.

■ We conclude that this evidence in its uncontradicted and unexplained form demonstrates as a matter of law that aggravated type of negligence, approaching intent, which has been characterized as "willful," "wanton," or "reckless." The defendant's argument concerning plaintiff's contributory negligence in crossing the highway where he did loses its relevancy because where there is no factual issue and reasonable minds cannot infer otherwise, the presence of the aggravated type of negligence here presented subjects the actor to liability despite ordinary contributory negligence on the plaintiff's part. See Ratliff v. Big Sandy Company, Ky., 389 S.W.2d 911.

■■ In Dean v. Cole [CCA 4th Cir., 326 F.2d 907 (1964)], that court pointed out that where leaving the scene of an accident is preceded by primary negligence, the fact that the defendant left the scene of the accident is a strong indication that the responsible party was not only negligent, but exhibited a callous disregard for the safety of others. In Price v. Lowman [CCA 4th Cir., 373 F.2d 390 (1967)], the same court held that if it be established factually that a car is operated upon the highway without lights and without exercising such control as is necessary to avoid colliding with a pedestrian on a highway, the fact of driving without lights is a relevant element in the determination that the type of negligence presented is that aggravated form, the liability for which will not be excused by ordinary contributory negligence on the part of the plaintiff. In both of the cases just cited, the defendant introduced evidence which raised factual issues or created an evidentiary picture from which inferences favorable to the defendant could permissibly be drawn. Therefore, a jury case was presented. In the instant case, however, the defendant introduced no evidence relevant to the operative facts controlling liability, and the only favorable inferences that might permissibly be drawn do not destroy the probative weight of the critical uncontradicted facts that govern liability. It appears here that the plaintiff was struck by a hit-and-run motorist who was driving without lights prior to the accident which happened at 1:30 a. m. In our view, this subjected the actor to liability despite the presence of simple contributory negligence on plaintiff's part. There is nothing to indicate that the contributory negligence was more than an ordinary failure to exercise the care of a reasonably prudent person under the circumstances. The defendant also injects the element of plaintiff's possible intoxication. Despite plaintiff's general physical condition, there is no evidence to support an inference that he was sufficiently intoxicated on the occasion in question to permit a finding that his negligence was greater than simple negligence. The defendant's argument that plaintiff contradicted at the trial his pretrial discovery testimony is not impressive. It really goes to whether he heard or did not hear the car which struck him as it approached. Again this does not, in our opinion, affect the controlling effect of his testimony which goes to the operative facts governing liability.

■ We, therefore, conclude that defendant was not prejudiced by the submission of the case to the jury under the

last clear chance doctrine because the plaintiff was entitled to prevail on the issue of liability in any event.

The judgment is affirmed.

All concur.